## JUDAH *v.* GOLDSMITH.

[No. 12,895.   Filed January 10, 1929.   Rehearing denied May 28, 1929.   Transfer denied October 8, 1929.]

*William Featherngill* and *Ivory J. Drybread,* for appellant.

*Staff & Staff, Henry E. White* and *Owen S. Boling,* for appellee.

NICHOLS, J.—Action for damages for the alleged alienation, by appellant, of the affections of Bernice M. Goldsmith, the former wife of appellee.

It is alleged in the first paragraph of appellee's complaint that, on January 1, 1923, and, thereafter, appellant was engaged in the operation of the Willard hotel in the city of Franklin, Indiana; that said Bernice M. Goldsmith was employed at said hotel; that appellant, by means of numerous marks of kindness and affection and by various artifices and devices shown to her, alienated her affections from appellee, and that appellant sustained improper relations with her.

It is alleged in the second paragraph of appellee's complaint that, on or about January 23, 1923, and at other times, appellant sustained improper relations with appellee's wife and thereby alienated her affections from appellee.

Appellant seeks to present error of the court in the exclusion of the testimony of appellee upon his cross-examination, and error in the admission of his evidence in his examination upon rebuttal, but the only reference made in the brief as to where such evidence can be found is the reference to the reason in the motion for a new trial, indicating the place in the transcript where the motion for a new trial is found. This is not sufficient to present the alleged error. *Harrold* v. *Fuenfstueck* (1903), 31 Ind. App. 275, 67 N. E. 699. Further, it does not appear in the statement of

the record in appellant's brief that there was any objection on the part of appellant to any question propounded to appellee either in cross-examination or in rebuttal.

Appellant offered as a witness Bernice M. Goldsmith, the divorced wife of appellee, to whom he propounded a question, to which appellee objected for the reason that, in the examination of such witness, it was revealed that she was the divorced wife of appellee, and that, because of her former marital relations, she was disqualified as a witness under the laws of the state. The objection was sustained, and appellant now predicates error upon the ruling of the court. But, an examination of the record discloses that when the objection was made, appellant without making any effort to prove in answer to the question, stated that: "The defendant realizes that §525 Burns [1914] renders her incompetent as a witness in this case, but the defendant wanted to offer her as a witness and give her a chance to testify in the event there was no objection by the plaintiff."

It is apparent that the error, if such it be, of the court in excluding the witness, was, by this statement, invited by appellant and he, therefore, may not complain. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Kern* v. *Bridwell* (1889), 119 Ind. 226, 21 N. E. 864, 12 Am. St. 409. We may say that it does not appear whether the question to which objection was made pertained to happenings since the divorce was granted.

Appellant next complains of error on account of misconduct of a juror in answering questions in his examination as to his competency to sit as such juror, appellant contending that the juror answered questions falsely to the prejudice of appellant. But the *voir dire* examination is not made a part of the record and therefore this court will not review the same.

*Annadall* v. *Union, etc., Lime Co.* (1908), 42 Ind. App. 264, 84 N. E. 359; *Kennegar* v. *State* (1889), 120 Ind. 176, 179, 21 N. E. 917. And such examination, being collateral to the issue, must be brought into the record by a bill of exceptions. *Kennegar* v. *State, supra.*

Affidavits and counter-affidavits were made as to the misconduct of said juror, and the same were submitted to the court as questions of fact. The court having weighed this evidence, this court will not disturb its findings. *Clodfelder* v. *State* (1926), 198 Ind. 277, 151 N. E. 725.

Appellee forcefully contends that the instructions are not in the record, and that hence appellant's objections to instructions Nos. 12, 16 and 23 cannot be considered. But, notwithstanding appellee's contention, we have examined the instructions challenged, as they appear in appellant's brief, and we have no hesitation in saying that there was no reversible error in any of them.

The evidence is sufficient to sustain the verdict, and we cannot say that damages in the sum of $5,000, under the circumstances of this case, are excessive. The rule that should control, and which we follow in this case, is thus stated in 13 R. C. L. 1483: "The courts have frequently been called on to determine whether the damages awarded for the alienation of a spouse's affections were excessive or not; and it may be stated as a general rule that courts will seldom interfere with the findings of a jury in actions for criminal conversation or alienation of the affections of a spouse, for the reason that there is no method for determining exactly the proper pecuniary compensation which should be awarded. Therefore, unless it is apparent that the jury was influenced by prejudice and passion, its award will seldom be interfered with." In this case, we cannot

say that the jury was influenced by prejudice or passion.
Judgment affirmed.

Remy, J., dissents.