HARBAUGH *v.* STATE OF INDIANA.

[No. 29,238. Filed May 18, 1955. Rehearing denied
June 24, 1955.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

HENLEY, C. J.—Appellant was charged jointly with another, by affidavit, charging the commission of a felony, to-wit:

"BE IT REMEMBERED, That, on this day before me, FRANK H. FAIRCHILD, Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came WILLIAM OWEN, who, being duly sworn, upon his oath says that CHARLES ROBERT JETT and ROY ELLIS HARBAUGH on or about the 23rd day of October, A.D., 1952, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously, forcibly, by violence and putting Father Francis Early in fear, take from the person and possession of the said Father Francis Early, money then and there of the value of nine hundred ($900.00) dollars in lawful money, which property the said Father Francis Early then and there lawfully held in his possession and was then and there the property of the Holy Spirit Catholic Church, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana." (Tr. p. 8.)

In his brief the appellant apparently waives any challenge as to sufficiency of the evidence to sustain his

conviction, but bases his sole claim for reversal on his motion to dismiss in the trial court, based on his bitter complaint, that his rights were violated in contravention of Art. 1, §12 of the Constitution of the State of Indiana, providing that accused persons are entitled to a trial "speedily, and without delay." Appellant complains further that his case falls within the terms of §9-1402, Burns' 1942 Repl., Acts 1905, ch. 169, §219 p. 584; Acts 1927, ch. 132, §12 p. 411, which, omitting formal parts, reads as follows:

". . . no defendant shall be detained in jail, without a trial, on an indictment or affidavit, for a continuous period embracing more than two (2) terms after his arrest and commitment thereon; or, if he was in jail at the time the indictment was found or affidavit filed, more than two (2) terms after the term at which the indictment was found or the affidavit first filed; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such terms."

Appellant's motion to dismiss, pleading the constitutional provisions, coupled with the foregoing act, and omitting formal parts, reads as follows:

"Comes now the above named defendant, and moves the Court that the said cause of action be dismissed, and that the defendant be discharged, and for said motion says:

"1. That more than two (2) terms of court have passed since the said affidavit was filed against this defendant, which does not include the term at which recognizances was first taken thereon; that the delay in the prosecution of said cause was not caused, either directly or indirectly, by the act of this defendant nor by his attorney in his behalf, but the delay was caused by the State only.

"2. That pursuant to Section 9-1402, Indiana Statutes, this defendant is entitled to be discharged from said prosecution.

"WHEREFORE, the defendant prays the court that the said Motion to Dismiss and Discharge be sustained, and for all other further, proper, and complete relief in the premises." (Tr. p. 31.)

No demurrer for insufficient facts, or other dilatory motions, were addressed by the state to the motion to dismiss and it was heard on its merits before the trial Judge. There was conflict in the evidence in that hearing. A fair resumé of the same is as follows: An order book entry for January 6, 1953, of the Court reads:

"And afterwards towit January 6th 1953 being the 2nd Judicial day of the January Term 1953 of said Court, before the Honorable Harry O. Chamberlin Judge thereof the following further proceedings were had herein towit:

"Comes now the defendant Roy Ellis Harbaugh by Symmes & Taylor, his counsel and file written Motion for continuance, which motion is in the words and figures following:

"(MISSING FROM FILES)

"and trial of cause is continued." (Tr. p. 13.)

On the other hand appellant testified he never moved for a continuance himself, but that he did consent to a continuance on one occasion to give the state the chance to correspond with Pennsylvania authorities on a hold order received from them, charging appellant as an alleged parole violator in that state. His two attorneys each testified that neither filed any written motion for continuance. The one present in court with appellant on January 6, 1953, was of the impression he made no oral motion to be later reduced to writing, said: "Well my recollection isn't very good" (Tr. p. 100), and that he thought the continuance was on behalf of the state to enable it to check the alleged parole violation in Pennsylvania and in connection with some discussion with the deputy prosecutor of the acceptance of a plea

of guilty. This attorney also testified: "I do remember that conversation was had, but I don't remember who requested a continuance or if the defendant agreed to it or what." (Tr. p. 100.) Under this condition of the evidence the court could have found some evidence to support either the appellant's contention or that of the appellee, State of Indiana. The trial court chose to accept the evidence of the state by evidence in chief and cross-examination of appellant's witnesses in preference to that of the appellant. The solemn order book entry alone certainly constituted some substantial evidence of probative force if not controlling. In a situation closely similar to the one presented here this court held in effect that the order book entry would control. *Todd* v. *State* (1948), 226 Ind. 496, 81 N. E. 2d 530, 81 N. E. 2d 784, 82 N. E. 2d 407; *McMillan, Admr.* v. *Plymouth, etc., Power Co.* (1919), 70 Ind. App. 336, 123 N. E. 446.

There is no more fundamental rule of appellate practice than that providing that this court, as a court of review, will not weigh facts passed on by a judge or jury below where there is any substantial or reasonable evidence of probative force to support the trial tribunal, which has practical advantages over this court of review in this respect, inasmuch as the trial court hears and sees the evidence, observes the witnesses and their demeanor on the witness stand. This court will not deviate from its fundamental rule, notwithstanding its frequent examination of the record itself, to make sure an injustice is not being done, especially where a question of constitutional rights appears. This is, of course, optional and discretionary with this court in unusual situations and only to make sure an injustice below is not being condoned by this court. *Souerdike* v. *State* (1952), 231 Ind.

204; 108 N. E. 2d 136; *Sells* v. *State* (1952), 231 Ind. 137, 107 N. E. 2d 264; *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677.

There is no question raised by the appellant's brief under his assignment of errors except the alleged erroneous action of the trial court in overruling his motion to dismiss, on which the hearing was had. The trial court was the trier of the facts on this, and on appeal we do not judge the credibility of the witnesses or weigh the evidence. There was evidence sufficient to sustain the trial court's finding.

The appellee, State of Indiana, in its brief, raises the question against appellant that since he based his case on the statute, §9-1402, Burns' 1942 Repl., *supra,* he must bring himself within all its terms and that since, in his petition, he failed to negative the exception in the statute that "there was not sufficient time to try him during such terms," and failing to present the exception negativing the exception that "there was not sufficient time to try him during such terms," the omission was fatal and the motion to dismiss raised no question. Appellee cites the case, arising in a similar situation as in the case at bar. *Barker* v. *State* (1918), 188 Ind. 263, 120 N. E. 593. Also, see *State* v. *Beckwith* (1944), 222 Ind. 618, 57 N. E. 2d 193.

To the above contention by appellee, the appellant counters in his reply brief, making the point that in such a situation as is confronted here, this court by Gilkison, J., commenting on the failure to negative the statutory exception that "there was not sufficient time to try him during such terms," would not waive a defendant's right to discharge for delay in trial unless the prosecution questioned the sufficiency of the motion for dismissal in advance, using the following language:

"The State has in no way questioned the sufficiency of the allegations of fact in appellant's motion to dismiss this action. An examination of the motion indicates that it contains all the averments essential to bring appellant clearly within the statute upon which the motion is based." *Zehrlaut* v. *State* (1951), 230 Ind. 175, 181, 102 N. E. 2d 203, 206.

In the case at bar, the appellee, with full knowledge attributable to it that appellant's motion to dismiss was technically deficient in not negativing the one exception he had omitted and with full knowledge that it had not attacked the appellant's motion to dismiss for insufficiency by an appropriate pleading pointing out such insufficiency, it elected to and did proceed to try the issue on its merits, participated in, and cross-examined witnesses at such hearing. By its negative action in failing to attack the petition by pleading and by its positive action in subsequently going to trial on the merits, the appellee, State of Indiana, waived its right to raise the technical question of omission or insufficiency in appellant's petition for dismissal for the first time in this court, by having gone to a factual hearing before the trial court on appellant's motion to dismiss. The appellee can hardly be heard to complain for the further reason that it prevailed on the trial of that issue below. On the other hand, appellant, also charged by law with knowledge of the statute and its requirements, knowing that he had omitted from his petition one of the several statutory exceptions to be negatived, also proceeded to trial on the merits of the motion, offered evidence on his own behalf and defended against the evidence of the appellee, State of Indiana. The conduct of both parties indicated the clear issue of fact to be decided by the trial court, and having actively participated in the hearing, both parties

have waived their respective rights to complain or countercomplain at this late date on the question of the technical deficiency of the motion to dismiss. This does not mean, however, that the appellant was relieved of his burden to make his factual case, and this included proof that the delay was not "caused by his own act." The trial court held against him on this issue. That court heard and saw the witnesses and had before it the court's own order book entry showing that the appellant had filed a motion for a continuance and that a continuance was thereby procured by him. This court cannot challenge the finding of the trial court supported by its record, where, as here, there is some evidence of probative force to support that finding. Furthermore, such record stands unchallenged unless and until attacked directly by an appropriate petition to correct what appellant insists is an error. The trial court has never been called upon to make such a correction even if it were of a mind to because the entry has not yet been challenged properly by a petition to correct the record, a procedure available to appellant but not utilized. The court below has the power to correct any incorrect record, on proper showing, and to do so *nunc pro tunc*. *Illinois Pipe Line Co.* v. *Fitzpatrick* (1934), 207 Ind. 1, 188 N. E. 771; *Cook* v. *State* (1941), 219 Ind. 234, 37 N. E. 2d 63. It is not the function of this court of review to give that relief in the first instance.

For the foregoing reasons, the judgment is affirmed.

Achor, Levine, Emmert and Bobbitt, JJ., concur.

NOTE.—Reported in 126 N. E. 2d 576.