WINFIELD *v*. STATE OF INDIANA.

[No. 30,516. Filed February 24, 1967.]

George R. Brawley, of Fort Wayne, for appellant.

Edwin K. Steers, Attorney General, and Carl E. Van Dorn, Assistant Attorney General, for appellee.

JACKSON, J.—Appellant was charged by affidavit in two counts with the possession and sale of marijuana.

Appellant waived arraignment and entered a plea of not guilty to both counts of the affidavit. Trial was had by jury resulting in a finding and verdict by the jury of guilty on both counts.

Thereafter, the court, having examined and considered the presentence investigation report filed herein, entered judgment to the effect that the appellant was guilty of the offense of possession of marijuana and violation of the Uniform Narcotic Drug Act as charged in counts one and two of the affidavit. He was committed to the custody and control of the Warden of the Indiana State Prison for a period of not less than two years nor more than ten years, and ordered to pay and satisfy the costs on count one; he was committed to the custody and control of the Warden of the Indiana State Prison for a period of not less than five years nor more than twenty years and that he pay and satisfy the costs on count two. It was further ordered by the court that the aforesaid sentences were to run concurrently.

Count one of the affidavit on which this prosecution was based in pertinent part reads as follows:

"That on or about the 5th day of October A.D., 1962, at the County of Allen and in the State of Indiana, said De-

fendant, Oscar Floyd Winfield did then and there unlawfully and feloniously possess and have under his control narcotic drugs, to-wit: cannabis and the said defendant was not authorized under the laws of the United States or the State of Indiana so to do, being contrary to the form of the statute in such case made and provided."

Said affidavit was subscribed, sworn to and filed on the 11th day of December, 1962.

Thereafter, on the third day of September, 1963, count two was filed herein, which in pertinent part reads as follows:

"That on or about the 5th day of October A.D., 1962, at the County of Allen and in the State of Indiana, said Defendant, Oscar Floyd Winfield did then and there unlawfully and feloniously sell a certain narcotic drug, to-wit: marihuana (Cannabis) said defendant was not then and there authorized under the laws of the United States and the State of Indiana so to do, being contrary to the form of the statute in such case made and provided."

Within time the defendant filed his motion for a new trial alleging the following specifications:

"1. That the Court erred in overruling defendant's motion to dismiss the plaintiff's case.
"2. That the verdict of the Jury is contrary to the evidence."

Appellant's assignment of error is the single specification:

"1. The Court erred in overruling appellant's motion for a new trial."

The evidence most favorable to the State in the case at bar may be summarized as follows: That on the night of October 5, 1962, a Federal Narcotics Agent by the name of William R. Jackson purchased from the appellant a bag of marijuana for the sum of $6.00. In narrative form the transaction was summarized by the Federal Agent as follows:

On October 5, 1962, he saw Mr. Winfield across the street from the Club Andre on Lafayette Street in Fort Wayne, In-

diana. About 11:00 p.m. Mr. Winfield drove up and parked his automobile across the street from the Club Andre. He greeted him, said, "Hello," and asked him if he had any more weed. He was alone in his vehicle and in reply to the agent's question he said, "Yes." The agent said, "I'll take a $6.00 bag." Appellant reached into his pocket, took out a small manila envelope and handed it to him. The agent opened the envelope and observed that the envelope held a small quantity of a green weedy crushed material which he believed to be marijuana. It was not rolled into a cigarette form when he received this bag. The agent gave appellant $6.00 in government funds, the serial numbers of which were known to the government. Later the agent went to Chicago taking the envelope purchased from the appellant with him.

Thereafter, he delivered the envelope purchased from the appellant in a locked, sealed condition to Mr. John Endriz who was a government chemist.

Thereafter, John D. Endriz who testified in this case as a witness for the State, testified that he was employed as a first assistant chemist of the Internal Revenue Regional Laboratory in Chicago. That he was acquainted with agent Jackson, worked in the same office building in Chicago where the witness was employed; that he analyzed the contents of the bag that Mr. Jackson had previously testified to and that the contents in the envelope was definitely marijuana. That after the analysis he placed the same in their vault and kept it in his custody until he brought it into court at the time he was testifying.

There was testimony by the executive secretary of the Board of Pharmacy of Indiana that an examination of the records of that organization disclosed that the appellant herein was never issued a license by the State Board of Pharmacy to dispense any type of narcotic drug on October 5, 1962, and that he has never been licensed by such board to the best of his knowledge.

There was further evidence on behalf of the State by one Raymond Chambers who testified that he had been a police officer for 13 years in the City of Fort Wayne and held the rank of Detective Sergeant. He further testified that he had known the appellant for approximately 30 years during which time he had been an almost continuous resident of the city, that appellant is not a licensed physician, veterinarian or druggist. That on the 4th day of December, 1962, he placed the appellant under arrest on a warrant charging him with the possession of marijuana. That at the time of the arrest appellant gave the witness a quantity of marijuana and that he took him to the detective bureau and booked him, marked the evidence and put [it] in the hands of the captain of the detectives.

Appellant in his argument seeks to challenge (a) the sufficiency of proof of possession and sale, and (b) responsibility of police officer in the disposition of material evidence in compliance with the statute regulating the same in the accepted method of proper police procedure. Basically the argument boils down to the proposition that the evidence of the agent is not supported by any proof of possession or sale, and that it is his unsupported word that the same was made. We have long held that the weight of the evidence and credibility of the witnesses is a matter for the determination of the trier of the facts, and that in the absence of a clear abuse this court will not substitute its judgment for that of the trier of the facts. *Harbaugh* v. *State* (1955), 234 Ind. 420, 426, 126 N. E. 2d 576; *Bell* v. *State* (1954), 233 Ind. 629, 122 N. E. 2d 466.

Appellant's theory that one witness is insufficient has been previously determined adversely to appellant's contention in a similar case wherein the purchaser of prohibition era whiskey was the State's only witness against the seller,

". . . It is not the law that the uncorroborated testimony of one witness is insufficient to sustain a conviction of

one charged with a criminal offense. . . ." *Hiner* v. *State* (1929), 89 Ind. App. 152, 154, 166 N. E. 20; See: *Coger* v. *State* (1928), 200 Ind. 458, 163 N. E. 260.

Appellant in his argument complains of the actions of the narcotic agent as follows:

". . . That he did not report the acts of possession and sale to his superior officers. That he did not exhibit the evidence to any member of the Fort Wayne police department. That he did not turn the evidence over to the Sheriff of Allen County, nor did he deliver the evidence to any state official.

"We further submit that Jackson acting in his capacity as a peace officer was bound to comply with the Indiana Statutes, as well as with the accepted method of police procedure. That Jackson should have treated the evidence in the same manner as though he had seized it by search warrant and delivered it immediately to his superior officer, the Sheriff of Allen County, or to the Court."

Appellant seeks to bolster this section of his argument by the citation of certain cases and statutes. It appears that appellant's argument boils down to questions concerning the admissibility of the marijuana in evidence. None of this argument was advanced as a reason for the objection to the introduction of and admission of the marijuana in the trial court.

This court has held on numerous occasions that appellant may not utilize on appeal reasons and grounds for objections which were not presented to the trial court. *Patton et al.* v. *State* (1960), 240 Ind. 364, 165 N. E. 2d 377; *Kelley* v. *State* (1948), 226 Ind. 148, 78 N. E. 2d 547.

We recognize the problems inherent in cases of this nature when conviction in effect is dependent solely upon the testimony of one witness. It is quite possible that under some circumstances there could be a miscarriage of justice and that an innocent man could be falsely con-

victed by the use of perjured or other unreliable testimony. However, in the case at bar, we have reviewed the evidence, not for the purpose of weighing it, but for the purpose of determining if the evidence adduced was of sufficient probative value to justify the jury in determining that the guilt of the defendant was proven beyond a reasonable doubt. In that connection a long line of decisions of this court has held that the trier of the facts has the opportunity to see the witnesses, to observe them, to hear their testimony and it is the duty of the trier of the facts to determine the weight of the evidence adduced and to determine the credibility of the witnesses. We are, in this case, constrained to hold that there is evidence from which the jury could reasonably have decided that the evidence adduced was sufficient to require the conviction of the appellant herein.

The judgment is affirmed.

Arterburn, C. J., Hunter, Myers and Mote, JJ., concur.

NOTE.—Reported in 223 N. E. 2d 576.