MATHEWS *v*. STATE OF INDIANA.

[No. 31,063. Filed July 12, 1967.
Rehearing denied October 11, 1967.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

MOTE, *J.*—The Appellant, Robert Barclay Mathews, was charged with the crimes of kidnapping and rape by an indictment in two counts returned by the Marion County Grand Jury. The issues were closed upon a plea of not guilty. The trial was had, without the intervention of a jury, resulting in a finding of not guilty as to Count One (kidnapping) and a finding of guilty as to Count Two (rape). Appellant was

sentenced to the Indiana State Prison for a period of not less than two nor more than twenty-one years; he was fined $1.00 and costs and disfranchised and rendered incapable of holding any office of trust or benefit for three years..

Count Two of the indictment, omitting the formal parts thereof, reads as follows:

"And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that the said Robert Barclay Mathews and James H. Taylor, on or about the 11th day of October, A. D. 1965, at and in said County and said State, did then and there unlawfully and feloniously make an assault on and upon one Judith Ann Adair, then and there being a female child under the age of sixteen (16) years, to-wit: of the age of fourteen (14) years, then and there not being the wife of the said Robert Barclay Mathews or James H. Taylor, or either of them, and did then and there unlawfully and feloniously ravish and carnally know her the said Judith Ann Adair, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Appellant asserts that there was not one scintilla of evidence to support a conviction for the reason that there is no proof of penetration by Appellant upon and into the body of the prosecuting witness, Judith Ann Adair. In this connection, Appellant further states that the State of Indiana did not ask the prosecuting witness one question concerning the alleged rape, although she was produced by the Appellee and qualified. Appellant further states that there is no substantial evidence of probative value upon which a reasonable inference of guilty could be drawn by the trial court.

A witness, James H. Taylor, testified that on October 11, 1965, he was with the Appellant; that they saw a girl who was crying for help; that Appellant said he knew her and told her to get into the car; that Appellant and he were in the front seat and that she got into the rear seat of the car; that they parked on Bloyd and he had sex relations with Judy; that Appellant said she was his girl and it was alright for him, Taylor, to have relations with her. He further testified

that after he had sex relations with her, Appellant then had sex relations with her while he, Taylor, was standing outside of the car.

The witness Michael Howard testified that on October 11, 1965, he stopped by 1929 Alvord Street where he and Judith were playing; that they (Appellant and witness Taylor) represented themselves as police officers and put her in the car; that Judy asked them to show their badges and that they forced her into the car.

The witness Mary Adair testified that Judith Ann was her daughter, born November 21, 1950, and that she lived with her on that date and that she is now in Central State Hospital; that Judith had been sent home from school on that date; that she saw her in a car at 20th and Yandes; that her blouse was open and she had red marks on her breast and her hair was disheveled; that she was nervous and had had a nervous problem ten or eleven months prior to the incident.

§ 10-4201 of Burns' Ind. Stat. Anno., 1956 Repl., provides in part as follows:

"Whoever has carnal knowledge . . . of a female child under the age of sixteen years . . . is guilty of rape, . . ."

The general rule is that a conviction will be sustained if there is any evidence of facts essential to support the judgment. *Majko* v. *State* (1965) 246 Ind. 506, 207 N. E. 2d 212.

The oft-repeated principle that this Court will consider only that evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom, certainly is applicable to this appeal. *Donaldson* v. *State* (1952) 231 Ind. 434, 108 N. E. 2d 888.

Judgment affirmed.

Hunter, C. J., Lewis and Arterburn, JJ., concur.

Jackson, J., dissents without opinion.

NOTE.—Reported in 228 N. E. 2d 1.