LYTLE *v.* STATE OF INDIANA.

[No. 168S14. Filed November 13, 1968.]

*Owen M. Mullin,* Indianapolis, for appellant.

*John J. Dillion,* Attorney General, and *Douglas B. Mc-Fadden,* Assistant Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged with the crime of second degree murder in the killing of her husband. She pleaded not guilty, the cause was submitted to a jury and she was found guilty of manslaughter. An examination of the brief of the appellant reveals that it does not comply with Rule 2-17. There is no summary argument preceding the main argument and the items relied upon in the motion for a new trial are not set forth in the section of the brief verbatim at the point where such items are given con-

sideration. However, we have attempted as best we can from examining the brief, to consider the question presented, although we are not bound to search the record.

The sole question that is presented in the argument is whether or not the appellant acted in self-defense, and it appears to us that the appellant, in fact, is asking us to weigh the evidence in this particular. Briefly, the evidence is as follows:

About 6:40 a.m. on the morning of December 15, 1965, the Indianapolis police received a call and went to the residence of the appellant and her husband and there found the body of Jordan Peter Lytle, who was dead of gunshot wounds inflicted by a 38 caliber Smith & Wesson Chief revolver. The appellant volunteered the statement that she had shot her husband. Her version of the incident was that her husband arrived home early in the morning after being out all night, and that he shoved her, asking for the car keys, and she ran to the bathroom and shut the door. There she picked up a gun which she had previously hidden and which had been given to her by her brother when she told him that the decedent had a gun and had threatened her previously. The appellant refused to give the decedent the car keys and she locked the door and he beat upon the door. He said he wanted the car keys so he could go to work and threatened her. After getting the gun which was in the bathroom, she opened the door and as the decedent approached her she pulled the gun and shot him. She claims that under the circumstances she was in real danger of great bodily harm, which was apparent to her, and in good faith she defended herself. This is a question of fact to be determined by the jury in connection with other evidence.

In spite of appellant's story that decedent shoved her around, there was no sign of a struggle. Regardless of appellant's story that the decedent was demanding the car keys, which was the claimed cause of the argument, a set of car keys were found in decedent's pockets after his death.

There was no weapon other than an ordinary pen knife found on decedent's body. With this evidence the jury was not compelled to believe that the argument started over the car keys or that there was a struggle. Under the circumstances, the jury had a right to disbelieve the appellant's story as to how the killing occurred and could accept, if it so desired, the fact that she shot her husband with a 38 caliber revolver, without any evidence of provocation, voluntarily or involuntarily, in the commission of an unlawful act.

Burns' Ind. Stat. Anno. § 10-4707 provides:

> "Whoever draws, or threatens to use, any pistol, dirk, knife, slung-shot or other deadly or dangerous weapon, already drawn upon any other person, shall be deemed guilty of a misdemeanor, . . . ."

In *Mimms* v. *State* (1967), 249 Ind. 169, 231 N. E. 2d 151, 153, it is stated:

> "It is argued that a conviction for involuntary manslaughter under an indictment for murder may constitute a variance between pleading and proof. However, it is well established by the case law in Indiana that involuntary manslaughter is an included offense on a charge of murder; and, we repeat in this case the finding in *Barker* v. *State, supra,* that after the long line of judicial precedent in this state we do not here upset these legal precedents."

The main argument of appellant is that the jury was bound to accept appellant's story. However, the jury had a right not to believe her story from other circumstantial evidence in the case, and this Court does not determine the credibility of the witnesses. *Winfield* v. *State* (1967), 248 Ind. 95, 223 N. E. 2d 576.

The judgment of the trial court is affirmed.

Lewis, C.J. and Hunter, Jackson and DeBruler, JJ., concur.

NOTE.—Reported in 241 N. E. 2d 366.