MICHAEL WESTON RICHARDSON *v.* STATE OF INDIANA.

[No. 1171S316. Filed June 6, 1972. Rehearing denied July 14, 1972.]

608

*Alexis T. Cholis,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen D. Clase,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with second degree burglary. Trial by jury resulted in a verdict of guilty, whereupon appellant was sentenced to the Indiana State Prison for not less than two nor more than five years.

The record reveals the following:

South Bend Police Officers Switalski and Szuba while on patrol on March 10, 1971, at about 2:30 A.M. saw two persons standing in front of the Ohio Supermarket. They also noticed a third person cleaning the windshield of an automobile two stores north of the market. The officers drove around the building to the alley in the rear, where they separated but maintained radio contact.

Officer Switalski testified that the appellant approached the door of the market. At that time because of an approaching car, the officers stepped out of view behind the building. When he again observed the appellant the appellant was inside the market. The officer observed appellant leave the market carrying two sacks. Officer Switalski radioed Officer Szuba, who arrested the appellant on the sidewalk outside the building. At the time of his arrest appellant had in his possession two paper bags containing 46 packages of cigarettes of miscellaneous brands and $35.54 in change, some rolled and some loose.

John V. Miller, owner of the market, testified that he had personally closed the store the evening before, and that he had left between $35 and $40 in change in the cash register.

At the time of appellant's arrest the front door glass of the market was broken. Cigarette packs were strewn on the floor and there was no change in the cash register.

Appellant's sole argument is that the verdict is contrary to law in that there is insufficient evidence to support the verdict. It is appellant's position that although Officer Switalski saw him go up to the door of the market and later saw him inside, he did not see him break the glass nor actually proceed through the doorway. He also calls our attention to Officer Switalski's testimony stating that the appellant was wearing a three-quarter length coat, while Officer Szuba testified that appellant was wearing a jacket. Appellant himself testified that he was wearing a short jacket and not a three-quarter length coat. He further testified that a person whose name he did not know had sold him the two bags containing cigarettes and coins.

This Court has stated many times that we will consider only the evidence most favorable to the state together with all the logical and reasonable inferences to be drawn therefrom. *Coleman* v. *State* (1971), 257 Ind. 439, 275 N. E. 2d 786, 28 Ind. Dec. 37. In the case at bar the above evidence is overwhelmingly sufficient to support the verdict of the jury.

While it is true that the officer did not actually see the appellant break the glass and enter the building, the circumstantial evidence in this case would certainly support such a finding of guilty. We have previously stated that a conviction for burglary may be sustained on circumstantial evidence alone. *Coleman* v. *State, supra.*

As to appellant's claimed discrepancy in the testimony of the officers as to the type of jacket he was wearing, we can only reiterate that this Court will not determine the credibility of the witnesses nor the weight of the evidence.

As to appellant's testimony that he purchased the cigarettes and coins from an unknown person, this Court has previously

stated that the jury is not required to believe any particular testimony of a witness, even though it may be unrefuted. *Coleman* v. *State, supra, Black* v. *State* (1971), 256 Ind. 487, 269 N. E. 2d 870, 25 Ind. Dec. 637.

It is the holding of this Court that the testimony of the two police officers was quite sufficient to sustain the verdict of the jury.

The trial court is, therefore, affirmed.

Arterburn, C. J. and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 283 N. E. 2d 361.