GARY HASH v. STATE OF INDIANA.

[No. 1271S369. Filed January 18, 1973.]

*William T. Hornaday,* of Bloomington, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen J. Cuthbert,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit in two counts: Count I, Theft; Count II, Assault and battery with intent to commit a felony. Trial by court without a jury resulted in a finding of guilty under Count I resulting in a fine of $25 and a sentence to the Indiana State Reformatory for a period of one to five years, which sentence was suspended.

Appellant was found guilty under Count II of the lesser included offense of assault and battery. He was fined $10 and sentenced to the Indiana State Farm for 90 days.

The record discloses the following evidence:

Stephen Ray Carey, a senior at Indiana University, was a victim of an assault and battery and theft in the early morning hours of February 22, 1969. At the corner of Seventh and Jordan in Bloomington, Indiana, he passed two men standing near a light pole. As Carey passed them, they followed him. The two men separated, then rejoined at an automobile, which had come from behind an auditorium. Carey became suspicious of their actions and attempted to retrace his path, but as he attempted to retreat he was struck from behind. As he turned to face his assailant, he was again struck, then dragged up an incline to the graduate library parking lot. One of his assailants told him, "All I want is your money." When the men were unable to remove Carey's wallet from his pocket, he removed it and gave it to the appellant.

Carey testified that he got a good look at the appellant

and could identify him as the person who struck him and robbed him.

The appellant offered an alibi that he was visiting his mother in Bloomington on the night of the offense. He testified that earlier that evening his car had broken down on the way to Bloomington; that he had hitchhiked into town where he was picked up by his sister, her husband and their two children, and his mother at a bowling alley. They took appellant to his mother's house where he immediately went to bed. This alibi was substantiated by his sister and his mother.

Appellant's sole contention is that there was not sufficient evidence as to the identification of the appellant to sustain the judgment of guilt.

When the sufficiency of the evidence is raised on appeal, this Court will consider that evidence most favorable to the State. *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502, 18 Ind. Dec. 246.

On appeal, this Court will not weigh the evidence nor determine the credibility of the witnesses. *Gaddis* v. *State* (1969), 253 Ind. 73, 251 N. E. 2d 658, 19 Ind. Dec. 74.

A conviction will be upheld where there is any evidence of a probative nature on the facts essential to support the judgment. *Powell* v. *State* (1970), 254 Ind. 200, 258 N. E. 2d 633, 21 Ind. Dec. 455.

In examining this evidence we find that there were some discrepancies between Carey's testimony and his statements to the police and to counsel. However, it also appears that almost two years had passed between the crime and the trial. The trial judge was justified in taking this into consideration in weighing the testimony of Carey. The weight and credibility of Carey's testimony was solely within the province of the trial court. *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809. Notwithstanding the discrepancies in Carey's testi-

mony, he was nevertheless clear and certain in his identification of the appellant.

Following the assault, Cary had identified the appellant by a photograph at the police station. Appellant now suggests that Carey might have received assistance from the police in identifying the "mug shots." However, Carey testified that the police gave him no suggestions as to possible suspects. There is no evidence in this record to the contrary. Appellant urges this Court to adopt the ruling made by the Illinois Supreme Court in *People* v. *McGee* (1961), 21 Ill. 2d 440, 173 N. E. 2d 434. In that case the Illinois Supreme Court, after reviewing the facts similar to those found in the case at bar, held that there was not sufficient evidence to sustain the finding of guilty. However, in the *McGee* case, the identifying witness based the identification solely on seeing the silhouette of the intruder, whereas in the case at bar Carey observed the appellant in a face to face encounter.

We do not observe any fundamental difference in the rule of law in Illinois and Indiana. It would appear the difference in the *McGee* case and this case is in the facts surrounding the identification. Under the facts recited in this record, we find no reason to reverse the trial court. We feel the observation previously made by this Court in *Kraus* v. *Kraus* (1956), 235 Ind. 325, 328, 132 N. E. 2d 608, 610, is applicable. There the Court stated:

> "When an issue concerning the credibility of witnesses or the weight of the evidence is presented for our determination on appeal, we should carefully avoid any tendency to place ourselves upon the trial bench and usurp the functions of the trial judge. We are dealing with a cold record and cannot observe the witnesses, their conduct and manner of testifying while on the witness stand."

The trial court is affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 291 N. E. 2d 367.