GEORGE LEE *v.* STATE OF INDIANA.

[No. 3-872A43. Filed June 28, 1973. Rehearing denied
September 7, 1973.]

*Harriette Bailey Conn (Mrs.),* Public Defender of Indiana,
*Malcolm K. McClintick,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,*
Assistant Attorney General, for appellee.

SHARP, J.—On August 16, 1971 an affidavit was filed charging the Appellant with the crime of aggravated assault and battery and pauper counsel was appointed to represent him. On March 22, 1972 a jury found him guilty of that offense and he was sentenced to a term of not less than one year nor more than five years and a fine of $500.00 and four months of the time spent in jail pending trial was ordered to be credited against the sentence. On May 5, 1972 an extensive motion to correct errors was filed and overruled on May 22, 1972. On the latter date pauper appellate counsel was appointed. On June 29, 1972 such counsel requested and was granted permission to file a belated appeal which was duly perfected here.

The salient facts considered most favorable to the State disclose that on August 14, 1971 Appellant had a fight with Emil Howard in a bar. Emil's brother, Grover, was involved in the preliminary argument in which pushing and threats were made. Later the same day, Appellant left the bar, got a shotgun and drove around, he claimed, looking for the police and a friend named Butch, who lived at a trailer court. The

Howard brothers appeared at the same time at the same trailer court. Emil Howard yelled at and called Appellant names. Appellant left and Grover Howard followed to Appellant's house and parked so as to block Appellant's driveway. When the Appellant arrived in his automobile, he got out with a shotgun in hand and ordered Grover to leave. There is some conflict in evidence of the precise sequence of events at this point. To be sure, there was an exchange of insults and threats. Grover got in his car. Appellant said he thought Grover was reaching for a gun. Other witnesses said Grover's car was moving away from Appellant. At that point Appellant fired his shotgun at Grover's face at short range causing the loss of Grover's left eye. There is also conflicting evidence as to Emil's conduct and threats to Appellant at the police station after the shooting incident.

The deputy sheriff who investigated the incident here described involving the Appellant testified without objection as a state rebuttal witness that three weeks before August 14, 1971 at night he was called to investigate a "family fight" and that Appellant had been to a certain residence, not his own, and had threatened some people with weapons. Upon finding the Appellant on that occasion the Appellant was arrested and relieved of a large hunting knife on his person and a shotgun and several other knives under the seat of his automobile. The Appellant chose to testify in this case and his testimony and other evidence which he presented raised the issue of whether he had a violent disposition with a propensity to threaten others with weapons.

We will consider the arguments made by the Appellant here.

I.

The Appellant asserted self-defense in the trial court and here. The jury was properly instructed on that issue and in fact gave two instructions on that issue tendered by the Appellant based, in part, on *Heglin* v. *State* (1957), 236 Ind. 350, 140 N.E.2d 98; *Enlow* v. *State* (1900), 154 Ind. 664, 57

N.E.2d 539; and *Brannin* v. *State* (1943), 221 Ind. 123, 46 N.E.2d 599. The Appellant appears to assert that self-defense was proven as a matter of law and that the evidence was not sufficient to support the finding of guilt by the jury.

This was a hotly contested case in which the jury was called upon to decide numerous questions of weight and credibility. In this regard the jury was not required to believe the testimony of the Appellant which is the primary basis of the argument here. *Richardson* v. *State* (1972), 258 Ind. 607, 283 N.E.2d 361, and *Moore* v. *State* (1970), 254 Ind. 23, 256 N.E.2d 907.

When the evidence is considered here in the light most favorable to the State, *James* v. *State* (1972), 258 Ind. 392, 281 N.E.2d 469, it discloses that Appellant shot an unarmed man by aiming a shotgun at his face, while such unarmed man was backing his car away from Appellant. Two independent witnesses testified that the victim was backing his car away from Appellant at the time the shots were fired.

The victim testified he did not have a gun at that time and had both of his hands on the steering wheel when he was shot.

It is true that the jury must look at the situation from the defendant's viewpoint in deciding whether defendant acted in self-defense. *Hughes* v. *State* (1937), 212 Ind. 577, 10 N.E.2d 269. However, the jury need not believe such defendant's testimony as to what his viewpoint was. *Lytle* v. *State* (1968), 251 Ind. 413, 241 N.E.2d 366. Considered in light of the above facts and law they could have reasonably found that Appellant did not act in self-defense. Likewise, the finding of guilt is supported by sufficient evidence.

## II.

The record shows that Appellant was arrested August 16, 1971 and remained incarcerated in jail through his sentencing on April 10, 1972. Acts 1972, P. L. 219, Sec. 1, which was effective February 21, 1972, as found in Ind. Ann. Stat. § 9-1828 (Burns 1972 Supp.), IC 1971, 35-8-2.5-1, provides:

"When sentencing any person convicted of a crime the sentencing court shall order that the sentenced person be given credit toward service of his sentence for any days spent in confinement as a result of the criminal charge for which sentence is imposed or as a result of the conduct on which such charge is based. The court shall specify in its order of commitment the number of days credit to which the person sentenced is entitled pursuant to this section."

Under the above statute the Appellant was clearly entitled to credit for the total period of seven months and twenty-five days confinement between August 16, 1971 and April 10, 1972. Thus the sentence and commitment order of the trial court are hereby ordered to be modified in accord with § 9-1828 to give Appellant credit for all the time spent in jail before sentencing. With the exception of such modification, the decision and sentence are hereby affirmed.

Affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 297 N.E.2d 890.