RICHARD DEWEESE *v.* STATE OF INDIANA.

[No. 2-173A11. Filed September 13, 1973. Rehearing denied
October 15, 1973.]

*Robert E. Hughes*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert A. Zaban*, Deputy Attorney General, for appellee.

SULLIVAN, J.—Appellant DeWeese was convicted of assault and battery with intent to kill. One John Clardy, a pedestrian,

was shot by a shotgun from the rear seat of an automobile occupied by three persons including defendant. The shooting followed a verbal altercation with racial overtones which the driver of the vehicle, Herman Schmitt, terminated with directions to the occupant of the rear seat to "Shoot that nigger". The victim and another eye witness identified DeWeese as the man in the rear seat who fired the shotgun. DeWeese testified that it was the third occupant of the vehicle who occupied the rear seat and fired the shot.

Appellant's first assertion of error is confined to the contention that since the evidence identifying him as the person who pulled the trigger is in dispute, such conflict cannot overcome the presumption of innocence and the requirement that the State prove guilt beyond a reasonable doubt.

Suffice it to say in disposing of this argument, that disputed questions of fact must be resolved by the trier of fact. The jury did so in this instance. That resolution will not be disturbed upon appeal. *Hardin* v. *State* (1972), 153 Ind. App. 317, 287 N.E.2d 359.

Appellant attempts to present for our consideration a second contention, i.e., that improper and argumentative questions were asked upon the voir dire examination of the jury. He admits, however, that the record before us does not contain such questions nor the objections thereto, if in fact any were made. The purported issue is therefore not before us. See *Judah* v. *Goldsmith* (1929), 90 Ind. App. 81, 164 N.E. 496.

The judgment is hereby affirmed.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported at 300 N.E.2d 913.