CALEB EUGENE MCCAULEY *v.* STATE OF INDIANA.

[No. 2-873A173. Filed March 14, 1974. Rehearing denied May 23, 1974. Transfer denied September 11, 1974.]

*David F. McNamar, Steers, Klee, Sullivan & Lemay,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Caleb E. McCauley (McCauley) appeals from a jury conviction of Assault and Battery With Intent to Kill claiming insufficiency of the evidence.

We affirm.

## FACTS

The facts and evidence most favorable to the jury's verdict are:

On October 26, 1972, at 7:00 P.M., Billy Collins (Collins) and Steve Robertson (Robertson) were walking in the 300 block of North Temple Street in Indianapolis returning home after playing baseball at a nearby church.

Robertson crossed New York Street in order to converse with two girls at a house located on a hill at the corner of Temple and New York Streets. As Collins crossed New York Street to join Robertson, he noticed McCauley and three other young men walking toward him.

McCauley yelled at Robertson and as Robertson approached, McCauley pulled a gun from his belt and fired a shot at Robertson, which missed him. As the gun was drawn, McCauley's three companions fled.

Collins, who was then surrounded by the four young men, began to back away from McCauley, but was ordered to stop and get on his knees. Upon Collins' refusal to obey this order, McCauley looked around to see if there were any witnesses, and then shot Collins in the chest.

As these events transpired, Robertson removed his belt and started down the hill toward McCauley. After shooting Collins, McCauley ran up an alley with Robertson in pursuit, swinging his belt at the assailant. McCauley escaped. He was arrested by police a short time later.

Collins survived the gunshot wound.

Evidence presented by McCauley indicated the shot fired at Robertson was a warning shot fired in the cement and that Collins was acting in an abnormal manner as if intoxicated or under the influence of drugs. Further, that Collins was belligerent, drew a knife, threatened to "cut off your heads," and then attacked McCauley, who shot Collins in self-defense as the latter lunged at him with a knife.

The jury returned a verdict of guilty of the offense of Assault and Battery With Intent to Kill, and McCauley received a sentence of not less than two nor more than fourteen years.

## ISSUE

Is the evidence sufficient to support a conviction of Assault and Battery With Intent to Kill?

McCauley contends that the testimony is in such conflict that the jury's verdict cannot be sustained. Specifically, McCauley argues that unrebutted evidence proved the shooting to be an act of self-defense.

In response, the State admits that its evidence presented at trial is diametrically opposed to that of McCauley's. The jury resolved the conflicting testimony in favor of the State, and that determination cannot be disturbed where there is sufficient evidence to support the jury's verdict of guilty.

McCauley argues that the State failed to prove Collins was "another human being" within the meaning of the statute, *post,* but his Motion to Correct Errors is silent on this point. Thus it is waived.

Rule TR. 59 (B) and (G).

## DECISION

CONCLUSION—It is our opinion that the evidence is sufficient to sustain McCauley's conviction of Assault and Battery With Intent to Kill despite his claim of self-defense.

McCauley was convicted under IC 1971, 35-13-2-1, Ind. Ann. Stat. § 10-401a (Burns 1973 Supp.), which defines "assault and battery with intent to kill" as follows:

> "ASSAULT OR ASSAULT AND BATTERY WITH IN-TENT TO KILL.—Whoever with intent to kill another human being perpetrates an assault or assault and battery upon the other human being, shall upon conviction, be imprisoned in the state prison for not less than two [2] nor more than fourteen [14] years."

While there was conflict in the evidence, there was substantial evidence of probative value of each element of the crime charged, and substantial evidence which negated the plea of self-defense. *Stock* v. *State* (1969), 252 Ind. 67, 245 N.E.2d

335; *Bange* v. *State* (1958), 237 Ind. 422, 146 N.E.2d 811.
*See also, White* v. *State* (1968), 251 Ind. 100, 239 N.E.2d 577;
*Meurer* v. *State* (1891), 129 Ind. 587, 29 N.E. 392. The
substantial evidence supporting the judgment does not re-
quire detailed analysis.

As often said, this court will neither weigh the evidence nor
resolve questions of credibility of a witness, but will con-
sider only that evidence most favorable to the State
and reasonable inferences drawn therefrom which
support the judgment of the trial court. *Felts* v.
*State* (1973), 156 Ind. App. 652, 298 N.E.2d 462; *Lee* v. *State*
(1973), 156 Ind. App. 569, 297 N.E.2d 890; *Hash* v. *State*
(1973), 259 Ind. 683, 291 N.E.2d 367; *Gregory* v. *State*
(1972), 259 Ind. 295, 286 N.E.2d 666; *James* v. *State* (1972),
258 Ind. 392, 281 N.E.2d 469; *Matthews* v. *State* (1967), 248
Ind. 563, 228 N.E.2d 1.

Also the jury must resolve all conflicting evidence and in
doing so may believe one witness over another. *DeWeese* v.
*State* (1973), 157 Ind. App. 503, 300 N.E.2d 913; *Hardin* v.
*State* (1972), 153 Ind. App. 317, 287 N.E.2d 359; *Hall* v. *State*
(1972), 259 Ind. 131, 284 N.E.2d 758; *Johnson* v. *State* (1972),
258 Ind. 648, 283 N.E.2d 532; *Moore* v. *State* (1970), 254 Ind.
23, 256 N.E.2d 907; *Asher* v. *State* (1969), 253 Ind. 25, 244
N.E.2d 89.

The jury must look at the factual circumstances from a
defendant's "viewpoint" in deciding whether that
defendant has acted in self-defense. *Hughes* v. *State*
(1937), 212 Ind. 577, 10 N.E.2d 629.

But the jury is not bound to accept a defendant's rendition
of the affray and may not believe a defendant's testimony as
to what his "viewpoint" was . . . if the jury can reasonably
reject the self-defense assertion based on other circumstantial
evidence presented at trial. *Lee* v. *State* (1973), 156 Ind.
App. 569, 297 N.E.2d 890, 891; *Lytle* v. *State* (1968), 251

Ind. 413, 415, 241 N.E.2d 366, 368; *Winfield* v. *State* (1967), 248 Ind. 95, 223 N.E.2d 576.

The jury did not believe McCauley's claim of self-defense, which it had a right to do. *Richardson* v. *State* (1972), 258 Ind. 607, 283 N.E.2d 361; *Moore* v. *State* (1970), 254 Ind. 23, 256 N.E.2d 907.

The evidence was sufficient to support the conviction, and the judgment of the trial court is hereby affirmed.

Sullivan, P.J., and White, J., concur.

NOTE.—Reported at 307 N.E.2d 885.

## ON PETITION FOR REHEARING

BUCHANAN, J.—Appellant (McCauley) alleges in his Petition For Rehearing that the issue of whether or not the State failed to prove the victim was "another human being" within the meaning of IC 1971, 35-13-2-1, Ind. Ann. Stat. § 10-401a (Burns 1973 Supp.), may be raised for the first time upon appeal.

Our opinion stated that this issue was waived because the Motion to Correct Errors was silent on this point.

Quite properly McCauley reminds us that Rule TR. 50(A) (5) allows an appellant for the first time on a criminal appeal to raise a question as to the sufficiency of the evidence to support the conviction.

Granting counsel's perspicacity, alleged error as to the insufficiency of the evidence to prove the victim was "another human being"[1] comes to naught.

The record quickly reveals that the victim appeared at trial and testified to the fact that the appellant was the individual

---

1. The use of the word "human" to describe a person is generally preferred, as by definition a "human" is a being. See: WEBSTER's THIRD NEW INTERNATIONAL DICTIONARY. Use of the two words together is considered a needless repetition (a tautology).

who shot him. The jury was given ample opportunity to observe the victim and weigh his testimony presented at trial.

The victim's mother testified in a manner which indicated that her son was in fact a human being:

> "My husband had told me I couldn't see him, but I wanted to; and I never saw anybody that had apparatus on 'em, like he did. I don't see how a *human being* could live, and a nurse took me over, and she explained everything that was on him, and what it was for, and tried to comfort me; and Billy opened his eyes and he said, 'Mom, don't let me die.' " (Emphasis supplied.)

The jury was presented with more than sufficient evidence to reasonably conclude that the victim was a "human being" within the meaning of § 10-401a under which the appellant was charged. *See: Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888; *Gann* v. *State* (1971), 256 Ind. 429, 269 N.E. 2d 381; *Smith* v. *State* (1970), 254 Ind. 401, 260 N.E.2d 558; *Asher* v. *State* (1969), 253 Ind. 25, 244 N.E.2d 89.

Accordingly, the Petition is denied.

Sullivan, P.J., White, J., concurs.

NOTE.—Reported at 311 N.E.2d 430.