ROBERT SIMMONS *v.* STATE OF INDIANA.

[No. 2-174A36. Filed March 20, 1975. Rehearing denied April 22, 1975. Transfer denied June 26, 1975.]

*George A. Purvis,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Myers,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Robert Simmons (Simmons) appeals from a conviction of Sodomy and Assault and Battery with Intent to Gratify Sexual Desires claiming insufficient evidence and error in denying his Motion for Discharge due to delay of trial.

We affirm.

## FACTS

The evidence and facts most favorable to the State are as follows:

On the afternoon of Saturday, October 7, 1972, an eleven-year-old male child was returning home from the store. As he passed by the residence of Simmons at 119 West 22nd Street, Indianapolis, Indiana, Simmons, a male thirty-five years of age, beckoned him and invited the boy into the house.

Inside, Simmons told the child to disrobe and lie on the bed. After removing his own clothes, Simmons began kissing the boy on the face and chest, and performed fellatio on him. Simmons then attempted anal intercourse which the boy testified frightened him. Finally, Simmons forced the victim to perform fellatio on him while Simmons was doing the same to the child.

After these acts were committed, Simmons paid the child two dollars and sent him on his way. Upon returning home, the boy's mother found the two dollars, questioned him, and punished him for taking the money from Simmons—with whom she had told him not to associate. He did not, however, divulge to his mother at this time the sexual acts committed by Simmons.

The same evening the child apparently ran away from home, but returned the following evening. At this time the child's mother again questioned him about the events of the previous day . . . and he related them to her. She then informed the police.

Simmons' version of the episode was that the child appeared at his door as a runaway who feared parental punishment because of committing sexual acts with his brother . . . and that he sent him away after five minutes without committing any of the acts charged.

Simmons was arrested on November 18, 1972. An indictment was filed by the Grand Jury on February 8, 1973, and the defendant was arraigned in Criminal Court on April 4, 1973, an attorney being appointed for him at this time. Trial was set for May 10, 1973.

On May 8, 1973, Simmons, by his attorney, filed a motion for continuance which was granted by the court, and the trial was reset for May 25, 1973. On that date, Simmons filed a pro se Motion for Discharge, claiming that he had been incarcerated for a period exceeding six months from the time of his arrest without trial in contravention of Criminal Rule 4(A). The motion was denied at a subsequent hearing.

After further continuances Simmons was convicted in a court trial of Sodomy and Assault and Battery with Intent to Gratify Sexual Desires and sentenced on the Sodomy conviction only to imprisonment for a period of not less than two (2) nor more than fourteen (14) years. He appeals.

## ISSUES

ISSUE ONE   Did the trial court err by denying Simmons' Motion for Discharge for delay of trial beyond the six-month period in violation of Criminal Rule 4?

ISSUE TWO   Is there sufficient evidence to sustain the trial court's conviction of Simmons for Sodomy and Assault and Battery with Intent to Gratify Sexual Desires?

As to ISSUE ONE, Simmons contends that because he was incarcerated for a period exceeding six months from the time of his arrest on November 18, 1972, to the date set for trial,

May 25, 1973, he is entitled to be discharged pursuant to Criminal Rule 4.

The State argues that Simmons, by his attorney, filed a Motion for Continuance which resulted in the delay of trial and was not entitled to discharge.

As to ISSUE TWO, Simmons contends that the boy is without credibility due to his age, his failure to complain immediately to his mother, and because his story was motivated by fear of parental reprisal.

The State contends that it is not within the prerogative of this Court to disbelieve witnesses or redetermine the credibility of their testimony where there is sufficient evidence of probative value to sustain the conviction.

In his Motion to Correct Errors and his brief Simmons states counsel should have been appointed for him earlier in the proceedings but he makes no argument nor cites any authority relative thereto. Therefore any such error is waived. *Hitch* v. *State* (1972), 259 Ind. 1, 284 N.E.2d 783; *Johnson* v. *State* (1972), 257 Ind. 682, 278 N.E.2d 577; *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805; *Layton* v. *State* (1968), 251 Ind. 205, 240 N.E.2d 489.

## DECISION

### ISSUE ONE

CONCLUSION—It is our opinion that the trial court did not err by failing to grant Simmons' Motion for Discharge.

Criminal Rule 4(A) reads, in pertinent part, as follows:

> "*Defendant in jail.* No defendant shall be detained in jail on a charge, *without a trial,* for a [continuous] period embracing more than *six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later)*; except where a continuance was had on his motion, or the delay was caused by his act. . . ." (Emphasis added.)

Neither party takes cognizance of the wording of the rule, which states that the six-month period commences either

from the time of the defendant's arrest, *or* from the time of his indictment—*"whichever is later"*.

The record indicates that, although Simmons was arrested on November 18, 1972, the indictment was not filed by the Grand Jury until February 8, 1973. Trial was set on May 10 and again on May 25, 1973, . . . well within the six-month period required by Criminal Rule 4(A). In each instance the trial setting was continued as a result of action taken by Simmons himself or by counsel.

*Holt* v. *State* (1974), 262 Ind. 334, 336, 316 N.E.2d 362, 363, establishes the governing rule:

"Appellant was arrested on February 25, 1972. He was indicted on March 24, 1972. *The six-months period of the rule [C.R. 4] begins on the latter date."* (Emphasis added.)

*See also,*

*Utterback* v. *State* (1974), 261 Ind. 685, 310 N.E.2d 552; *Layton* v. *State* (1973), 261 Ind. 251, 301 N.E.2d 633; *Bryant* v. *State* (1973), 261 Ind. 172, 301 N.E.2d 179; *State* v. *Henry* (1975), 163 Ind. App. 305, 323 N.E.2d 258; *Collins* v. *State* (1975), 163 Ind. App. 72, 321 N.E.2d 868, 45 Ind. Dec. 427; *Johnson* v. *State* (1974), 262 Ind. 164, 313 N.E.2d 535.

## ISSUE TWO

CONCLUSION—It is our opinion that the evidence is sufficient to sustain Simmons' conviction for Sodomy and Assault and Battery with Intent to Gratify Sexual Desires.

Our previous recitation of the facts in this case most favorable to the trial court's judgment indicates that there was sufficient substantial evidence of probative value of each essential element of the crimes of Sodomy and Assault and Battery with Intent to Gratify Sexual Desires[1] to support the trial court's judgment of guilt beyond a reasonable doubt.

---

1. "10-4221 [2566]. *Sodomy.*—Whoever commits the abominable and detestable crime against nature with mankind or beast; or whoever entices, allures, instigates or aids any person under the age of twenty-one [21] years to commit masturbation or self-pollution, shall be deemed guilty of sodomy, and, on conviction, shall be fined not less than one hundred dollars [$100] nor more than one thousand dollars [$1,000], to which may be added imprisonment in the state prison not less than two

Simmons merely attacks the credibility of the boy and urges us to weigh other evidence—an invitation we have frequently declined. *See, e.g., McCauley* v. *State* (1974), 159 Ind. App. 517, 307 N.E.2d 885; *DeWeese* v. *State* (1973), 157 Ind. App. 503, 300 N.E.2d 913; *Hardin* v. *State* (1972), 153 Ind. App. 317, 287 N.E.2d 359.

The judgment of the trial court is accordingly affirmed.

White, J., concurs; Sullivan, P.J., concurs in result only.

[2] years nor more than fourteen [14] years. [Acts 1905, ch. 169, § 473, p. 584.]"

"IC 35-1-54-4

"10-403. *Assault and battery.*—Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, . . . Provided, That whenever in the commission of the offense any person removes, tears, unbuttons, unfastens, or attempts to remove, tear, unbutton or unfasten any clothing of any child who has attained his or her twelfth [12] birthday but has not attained his or her seventeenth [17] birthday, or fondles or caresses the body or any part thereof of such child with the intent to gratify the sexual desires or appetites of the offending person or, under circumstances which frighten, excite, or tend to frighten or excite such child, the punishment shall be imprisonment in the Indiana state prison for a period of time of not less than one [1] year nor more than five [5] years: Provided further, That if such child has not attained his or her twelfth [12] birthday, the punishment for such offense shall be imprisonment in the Indiana state prison for a period of time of not less than two [2] years nor more than twenty-one [21] years. [Acts 1905, ch. 169, § 354, p. 584; 1951, ch. 277, § 1, p. 285; 1961, ch. 321, § 1, p. 951.]