LARKIN v. STATE OF INDIANA.

[No. 29,738.  Filed December 3, 1959.]

*Orval W. Anderson* and *Thomas R. Fadell,* both of Gary, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Assistant Attorney General, for appellee.

JACKSON, J.—This is an appeal from a conviction in the Lake Juvenile Court. The appellant was charged by affidavit with the crime of contributing to the delinquency of minors, the affidavit, omitting the formal parts thereof, signature and jurat, reads as follows:

"Upon Information and belief Martin J. Mulley, being first duly sworn, upon oath deposes and says,

that on or about the 17th day of July, A.D. 1958, at and in the County of Lake and State of Indiana

"Ronald Lee Sutton, born 11-11-1941, and Jerry Mulloy, born 7-9-42, were then and there minor children, under the age of eighteen years and that NANCY LARKIN, age 46, late of Lake County, Indiana, did then and there unlawfully, knowingly and willfully cause and encourage said children to violate laws, municipal ordinances and regulations to wit:

"(1) To patronize and visit a room and place wherein there is a bar where intoxicating liquors are sold;

"(2) To use intoxicating liquor as a beverage;

"(3) To deport themselves so as to then and there willfully injure and endanger the morals and health of themselves and others; in this to-wit:

"Count 1: On July 17, 1958, defendant, the proprietor of Nancy's Lounge, 710 Washington Street, Gary, Lake County, Indiana, did serve alcoholic beverages, to wit: beer to Ronald Lee Sutton, a minor, and Jerry Mulloy, a minor, and permit said minors to consume the beer on said premises;

"Count 2: It is further alleged that on 7-17-58. defendant did sell four six-packs of beer to Jerry Mulloy, a minor, and said minor did then and there carry the beer from Nancy's Lounge and subsequently participate in consuming said alcoholic beverage;

"Count 3: It is further alleged that on 7-17-58, defendant did sell four six-packs of beer to Ronald Lee Sutton, a minor, and said minor did then and there carry the beer from Nancy's Lounge and subsequently participate in consuming said alcoholic beverage;

Then and there contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

Thereafter the defendant filed an affidavit for a change of venue from the regular judge, which change

was granted and George Krstovich was selected and qualified as such special judge.

The statute upon which prosecution was based, Acts 1945, ch. 218, §1, p. 1011, being §10-812, Burns' 1956 Replacement, reads in pertinent parts as follows:

> "Contributing to delinquency of child.—It shall be unlawful for any person to cause or encourage any boy under the full age of eighteen [18] years, or any girl under the full age of eighteen [18] years, to commit any act which would cause such boy or girl to become delinquent child as defined by the laws of this state; . . .
>
> "Or for any person by any continued negligence or willful act, to encourage, or cause any such boy or girl to become a delinquent child as defined by the laws of this state;
>
> "And, any person so offending shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined not to exceed five hundred dollars [$500] to which may be added imprisonment in the county jail for a term not to exceed six [6] months."

This court has previously held that the above statute must be construed in pari materia with Acts 1945, ch. 347, being §§9-3101 to 9-3124, Burns' 1956 Replacement, and Acts 1945, ch. 356, being §§9-3201 to 9-3224, Burns' 1956 Replacement. *State ex rel. Gannon* v. *Lake Circuit Court* (1945), 223 Ind. 375, 391, 61 N. E. 2d 168. The pertinent statute to be so construed in the instant case, Acts 1945, ch. 356, §4, p. 1724, being §9-3204, Burns' 1956 Replacement, reads in pertinent parts as follows:

> " 'Delinquent child' defined.—The words 'delinquent child' shall include any boy under the full age of eighteen [18] years and any girl under the full age of eighteen [18] years who:
>
> "(1) Violates a law or municipal ordinance or regulation of the state or any subdivision thereof; except in proceedings concerning any child over

sixteen [16] years who has violated any of the traffic laws of the state or any traffic ordinance of a subdivision of the state;

. . . .

(10) Unaccompanied by parent, patronizes or visits any room wherein there is a bar where intoxicating liquors are sold;

. . . .

"(14) Uses intoxicating liquor as a beverage, or who uses opium, cocaine, morphine or other similar drugs without the direction of a competent physician;

. . . ."

There is some conflict in the evidence in this case and when this is true this court does not weigh the evidence, and all presumptions are in favor of the trial court.

Appellant's assignment of error consists of four separate specifications, viz.:

"1. That the Court erred in overruling Appellant's Motion for a New Trial.

"2. That the appellant was not accorded her constitutional rights to a fair and impartial trial as required by Article I, Section 12 and Article I, Section 13 of the Constitution of the State of Indiana.

"3. That the trial court lacked jurisdiction of the subject matter.

"4. That the trial court lacked jurisdiction of the person of the appellant."

Specifications two, three and four do not present any question here on appeal, the record discloses that the appellant waived arraignment and trial by jury and admitted the venue.

The appellant's motion for a new trial likewise contains four specifications, which motion, omitting the formal parts thereof, reads as follows:

"Comes now the Defendant, in the above entitled cause, and moves the Court for a new trial thereof upon the following grounds, and for the following reasons:

"1. That the finding of the Court is contrary to law.

"2. That the finding of the Court is not sustained by sufficient evidence.

"3. Irregularity in the proceedings of the Court by which defendant was prevented from having a fair trial, in this, to-wit:

"(a) That the witnesses for the State had improperly been permitted to refresh their memories and rehearse the evidence they were about to give by reading the written statements given by each of them before the opening of the trial.

"(b) That the witnesses for the State were immediately before the trial coached and tampered with by the Chief Probation Officer of the Juvenile Court, Harry Davis, in this, that the said Harry Davis immediately before the trial hereof pointed out to each of the State's said witnesses the discrepancy in their testimony of each to the other and pointed out to each of said State's witnesses the changes required in their testimony required in order that all of the State's witnesses' testimony would collaborate and be without discrepancies.

"4. For newly discovered evidence, material to this defendant which she could not with reasonable diligence have discovered and produced at the trial, the particulars whereof will fully appear in the Affidavits of defendant, John Larkin and Harry Sulcer, are hereto attached and made a part hereof and marked 'Exhibit A' and 'Exhibit B,' and 'Exhibit C.' "

The first two specifications of the above motion are proper and are argued at length by the appellant. On the basis of the record before us those questions, as well as those embraced in specifications three and four, must be decided adversely to

the appellant. Appeals come to the Supreme Court with the presumption that the correct result was reached in the trial court. The burden is upon appellant to overthrow such presumption. *Souerdike* v. *State* (1952), 231 Ind. 204, 108 N. E. 2d 136; *Rudd* v. *State* (1952), 231 Ind. 105, 107 N. E. 2d 168.

The defendant took the witness stand and stated she was married and operated a tavern. From observation of the defendant as well as her testimony the Judge could conclude she was more than 21 years of age. *Watson* v. *State* (1957), 236 Ind. 329, 140 N. E. 2d 109.

The question of the age of the appellant in issue here is important only to the extent that it be proved that she be an adult.

Appellant's contention, that the finding of the court is contrary to law by reason of being sentenced "to serve a term of six months at the Indiana Women's Prison" instead of being imprisoned "in the county jail for a term not to exceed six months" is without merit since this question has heretofore been decided adversely to the appellant in *Garner* v. *State* (1949), 227 Ind. 503, 86 N. E. 2d 675. See also Acts 1921, ch. 191, §2, p. 497, being §13-616, Burns' 1956 Replacement.

The judgment of the trial court is affirmed.

Arterburn, C. J., and Bobbitt, J., concur.

Landis, J., concurs in result.

Achor, J., not participating because of illness.

NOTE.—Reported in 162 N. E. 2d 515.