PEERLESS MILLER *v.* STATE OF INDIANA.

[No. 2-473A83. Filed March 11, 1974. Rehearing denied April 15, 1974. Transfer denied August 20, 1974.]

*Paul E. Peach,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

SULLIVAN, P.J.—Appellant Miller contests his conviction of assault and battery with intent to kill solely upon an assertion that the evidence was insufficient.

According to Miller's testimony, he and the victim, Watkins, both had firearms in their possession at the time of a barroom altercation between them. During the course of the argument, the evidence discloses that Miller utilized his weapon and shot Watkins three times striking him in the arm and back. The victim's brother who accompanied Watkins was also shot in the arm.

The evidence was in conflict as to the cause of the argument and as to which of the parties was the aggressor. Miller testified that he fired six or seven shots but did so only in self-defense so as to prevent Watkins from shooting first.

Appellant argues two specific aspects of the evidence:

1. That there was no substantial evidence of a specific intent to kill and

2. That the State failed to rebut his evidence of self-defense.

With respect to Miller's first contention, it was within the discretion of the trial court sitting without a jury to believe the testimony of the victim's brother that the defendant stated to Watkins "I'm going to blow your brains out." Even were it not for such testimony, the defendant's use of his gun under the circumstances and in a manner calculated to cause death, as here, carries with it a permissible inference of the requisite intent. *Livingston* v. *State* (1972), 257 Ind. 620, 277 N.E. 2d 363.

With respect to the second contention of Miller, it is clear that when a defendant has interposed a claim of self-defense, whether the evidence is sufficient to rebut such claim is a ques-

tion of ultimate fact to be decided by the trier of fact. *Robinson* v. *State* (1962), 243 Ind. 192, 184 N.E.2d 16; *Woods* v. *State* (1973), 159 Ind. App. 92, 304 N.E.2d 817.

The substance of Miller's entire argument is to the effect that the trial court, sitting without a jury, should have believed the testimony most favorable to his position as opposed to the contrary evidence. Quite clearly, such contention is wholly meritless. We consider upon review the evidence most favorable to the judgment, together with the reasonable inferences which may be drawn therefrom. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554.

The judgment is affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 307 N.E.2d 889.