AARON BERNARD SCRUGGS *v.* STATE OF INDIANA.

[No. 3-1173A156.  Filed October 16, 1974.]

*Robert S. Bechert*, Allen County Deputy Public Defender, of Ft. Wayne, for appellant.

*Theodore L. Sendak*, Attorney General, *Glenn A. Grampp*, Deputy Attorney General, for appellee.

STATON, J.—Aaron Scruggs and his wife were involved in an altercation at the Maier-Northcrest store in Fort Wayne, Indiana. Several store employees and a bystander were injured. Store merchandise was damaged. Aaron Scruggs was charged with one count of malicious trespass and four counts of assault and battery. He was found guilty of malicious trespass and on three of the four counts of assault and battery.[1] His appeal to this Court raises the following issues:

Issue One: Sufficiency of the Evidence
Issue Two: Invalid Waiver of Jury Trial
Issue Three: Erroneous Sentence
Issue Four: Abuse of Discretion in Setting Appeal Bond

Upon our review of Issue One, we conclude that the evidence was sufficient to support the convictions. As to Issues Two and Four, we conclude that there was a valid waiver of jury trial and no abuse of discretion in setting appeal bond. However, under Issue Three, we conclude that Aaron Scruggs was erroneously sentenced, and we remand with instructions.

## I.

### Sufficiency of the Evidence

Before considering Aaron Scruggs's assertion of insufficient evidence, we point out that when sufficiency of the evidence is raised on appeal, this Court will not weigh the evidence or determine the credibility of the witnesses. We will consider only that evidence most favorable

---

1. Arlene Scruggs, Aaron's wife, was charged and found guilty of assault and battery at this same trial. See *Scruggs* v. *State* (1974), 161 Ind. App. 666, 317 N.E.2d 807, Cause Number 3-1273A175.

to the State together with all reasonable inferences to be drawn therefrom. The conviction will be affirmed if, from that point of view, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Nicholas* v. *State* (1973), 261 Ind. 115, 300 N.E.2d 656; *Carpenter* v. *State* (1974), 159 Ind. App. 373, 307 N.E.2d 109.

In the late afternoon of March 17, 1973, Arlene Scruggs and Wilma Diane Lewis were looking at coats in the Maier-Northcrest store in Fort Wayne, Indiana. Terry Werling, store manager, approached them and asked if he could be of assistance. A short time later, Aaron Scruggs approached Terry Werling and accused him of making "a pass" at Arlene. Aaron Scruggs pushed Terry Werling into a rack of trousers whereupon Terry Werling squirted Aaron Scruggs with a pen-light mace device. During the ensuing fracas, John C. Smeltzley, a store employee who came to Mr. Werling's aid, was struck on the head by Aaron Scruggs with a Master Charge card machine. The cut on Werling's head required seventeen stitches. Later, as Aaron and Arlene Scruggs were leaving the store, Aaron Scruggs struck Stephen Hermann, store employee, on the head with a Master Charge card machine. Stephen Hermann's head injury required ten stitches. Finally, Virginia Dolk, a bystander, was struck a blow to the mouth by a man leaving the Maier store. However, neither Virginia Dolk nor any of the store employees could identify Aaron Scruggs as the man who struck the blow.

Aaron Scruggs's first contention of insufficient evidence involves his conviction for malicious trespass.[2] Aaron Scruggs was charged with maliciously injuring a man's suit, a glass

---

2. Although Aaron Scruggs's motion to correct errors and his "Statement of the Issues" allege insufficient evidence to sustain his conviction for the assault and battery of Terry Werling and Stephen Hermann, he does not argue insufficiency of the evidence to sustain these convictions in his brief. We deem such allegations of error waived. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7); *McCulley* v. *State* (1971), 257 Ind. 135, 272 N.E.2d 613; *King* v. *State* (1974), 160 Ind. App. 50, 310 N.E.2d 77.

decanter and two umbrellas belonging to Maier's Gentlemen's Attire, Inc. He was convicted of malicious trespass under IC 1971, 35-1-66-1; Ind. Ann. Stat. § 10-4509 (Burns 1956) which provides:

> "Whoever maliciously or mischievously injuries [sic] or causes to be injured any property of another, or any public property, is guilty of a malicious trespass, and, on conviction, may be fined a sum equal to two fold the value of the damage done, or a fine of not less than five dollars [$5.00] nor more than one hundred fifty dollars [$150.00], or imprisonment in the county jail or penal farm not more than twelve [12] months."

The evidence most favorable to the State clearly establishes that Aaron Scruggs threw a glass decanter into a rack of men's suits. Both Terry Werling and John Smeltzley testified that they saw Aaron Scruggs throw the glass decanter and that the shattering glass from the decanter ruined a man's suit. However, Aaron Scruggs does not contest the sufficiency of the evidence to support malicious injury, but he contends that ownership of the injured property was not proved.[3] Store manager, Terry Werling, specifically testified that the damaged merchandise belonged to Mr. Maier. This is sufficient evidence of ownership, and we affirm Aaron Scruggs's conviction of malicious trespass.

In relation to the malicious trespass conviction, Aaron Scruggs contends that his sentence was improper in that

---

3. It is difficult to ascertain if Aaron Scruggs is contending insufficiency of the evidence on the element of ownership or fatal variance between proof at trial and the affidavit. Since he raises insufficiency of the evidence in his motion to correct errors, we have answered this contention. However, we note that even if Aaron Scruggs were asserting fatal variance such a contention of error would likewise fail. The test in determining whether a variance between the affidavit and the proof at trial is material is whether the defendant is misled. *Thorne* v. *State* (1973), 260 Ind. 70, 292 N.E.2d 607. Aaron Scruggs makes no showing that he was misled by this slight variance between the charge that property of Maier's Gentlemen's Attire, Inc. was maliciously injured and the proof that property of Mr. Maier was maliciously injured. We also find nothing in the record to indicate that Aaron Scruggs was misled.

there was no evidence of the amount of damage done to the injured property to support a fine of $250.00.[4]

We agree that Aaron Scruggs's sentence was improper but for different reasons. The trial court sentenced Aaron Scruggs to ninety days on the Indiana State Farm plus a $250.00 fine. This sentence is erroneous on its face since under IC 1971, 35-1-66-1, *supra*, the court cannot impose both a fine and imprisonment. This Court cannot ignore a fundamental error which is apparent on the face of the record such as the incorrect sentence in this case. *Kleinrichert* v. *State* (1973), 260 Ind. 537, 297 N.E.2d 822.

Aaron Scruggs's second contention of insufficient evidence involves the charge of assault and battery upon John Smeltzley. On appeal, Aaron Scruggs urges this Court to accept his allegation of self-defense even though the trier of fact clearly rejected it. John Smeltzley testified as follows:

"Q. Now, you've testified here, this day, that each of you struck some blows and continued contact.

"A. That's right.

"Q. Does this mean you were coming up on Mr. Scruggs as he was engaged in this fight with Mr. Werling?

"A. After Mr. Werling was pushed into the suits, Mr. Scruggs was approaching and I come around. As I went to grab him, I was struck in the face and then we wrestled around, and then, it come to the glass jug, it was thrown . . .

"Q. Okay. You were going after him when he struck you, is that correct?

"A. I walked between Mr. Werling had fell.

---

4. We also note that the fine of $250.00 is not supported by the evidence. IC 1971, 35-1-66-1, *supra*, allows imposition of a fine "equal to two fold the value of the damage done." John Smeltzley and Terry Werling both testified that the ruined man's suit had a value between $150.00 and $160.00. Terry Werling testified that the glass decanter was valued at either $15.00 or $20.00. There was no testimony as to the value of two unbrellas damaged during the altercation nor does the record clearly indicate who damaged the unbrellas. The $250.00 fine imposed by the trial court does not represent a fine "equal to two fold the value of the damage done." Destruction of the charge card machines was not charged in the affidavit nor proved at trial.

"Q. Had you touched Mr. Scruggs at this time?

"A. No, I did not.

"Q. You were just standing there and then he hit you?

"A. Right."

Aaron Scruggs's assertion that he felt threatened by Mr. Smeltzley and was merely acting in self-defense is refuted by Mr. Smeltzley's testimony. Additionally, there is testimony that Aaron Scruggs started the initial altercation with Mr. Werling and that Mr. Smeltzley was coming to Mr. Werling's aid. Although the trier of fact must look at the factual circumstances from a defendant's viewpoint as to whether that defendant has acted in self-defense, the trier of fact is not bound to accept the defendant's rendition. *Williams* v. *State* (1974), 262 Ind. 382, 316 N.E. 2d 354; *Lytle* v. *State* (1968), 251 Ind. 413, 241 N.E.2d 366; *McCauley* v. *State* (1974), 159 Ind. App. 517, 307 N.E.2d 885. Whether the evidence is sufficient to rebut a claim of self-defense is a question of ultimate fact to be decided by the trier of fact. *Miller* v. *State* (1974), 159 Ind. App. 503, 307 N.E.2d 889; *Marine* v. *State* (1973), 158 Ind. App. 72, 301 N.E.2d 778; *Bonds* v. *State* (1973), 158 Ind. App. 579, 303 N.E.2d 686. We conclude that there is substantial evidence of probative value from which the trier of fact could reasonably infer that Aaron Scruggs was not acting in self-defense and that he was guilty of assault and battery upon John Smeltzley.[5]

## II.

### Waiver of Jury Trial

Aaron Scruggs contends that his right to jury trial was waived by his attorney and that IC 1971, 35-1-34-1; Ind. Ann.

---

5. We also note that Aaron Scruggs asserts error in the trial court's overruling of his motion for a directed verdict at the close of the State's evidence and at the close of all the evidence. Since we have found substantial evidence of probative value to support Scruggs's conviction of malicious trespass and assault and battery upon John Smeltzley, it necessarily follows that there was no error in the overruling of these motions for directed verdict.

Stat. § 9-1803 (Burns 1956) requires his personal or written consent to waiver of jury trial before such waiver can be valid.[6] Regardless of the validity of this argument, the record negates Scruggs's contention. It specifically shows that Aaron Scruggs waived his right to jury trial, not Aaron Scruggs by counsel. As an appellant, Aaron Scruggs has the burden to provide this Court with a proper record disclosing error. This Court cannot consider matters outside the record. *Dunbar* v. *State* (1974), 160 Ind. App. 191, 311 N.E.2d 447; *Glenn* v. *State* (1972), 154 Ind. App. 474, 290 N.E.2d 103. Error alleged but not disclosed by the record is not a proper subject for review. *Cooper* v. *State* (1972), 259 Ind. 101, 284 N.E.2d 799.

There is no indication in the record that Aaron Scruggs attempted to withdraw his waiver of jury trial or that he objected to his trial before the court prior to raising this issue on appeal. See *Larkin* v. *State* (1959), 240 Ind. 160, 162 N.E.2d 515 and *Bramlett* v. *State* (1949), 227 Ind. 662, 87 N.E.2d 880. We find no error.

## III.

### Erroneous Sentence

At the close of his trial by the court, Aaron Scruggs was sentenced as follows:

"Alright, Mr. Scruggs, there will be a finding of guilty on counts one, two, and three of 2569. On count one, Malicious

---

6. This Court in *Kindle* v. *State* (1974), 161 Ind. App. 14, 313 N.E.2d 721 has recently upheld a waiver of jury trial by defendant's counsel when defendant was also present at the time of waiver. The *Kindle* opinion also stated that "failure of the trial court to personally interrogate the defendant as to such waiver does not in and of itself vitiate the waiver." However, as this Court stated in *Kindle* v. *State, supra,* 313 N.E.2d at 725-6:

"The preferred procedure for accepting waiver of right to trial by jury, as recommended by The American Bar Association Project on Standards for Criminal Justice (Trial by Jury, Part I, Section 1.2(b)) is that:

'(b) The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record.' "

Trespass, there will be a finding of guilty, $250.00 and costs, ninety days in the Allen, ninety days in the Indiana State Farm. On Count Two, Assault and Battery against Jerry, against Terry Werling, there will be a finding of guilty, $1,000.00 fine and costs, six months at the Indiana State Farm. Count Three, Assault and Battery against John Smeltzley, finding of guilty, $500.00 fine and costs, ninety days at the Indiana State Farm, all of these days consecutive. On Count Four, Assault and Battery on Virginia Dolk, there will be a finding of not guilty because of no identification of the assailant. On the case of Aaron Scruggs 2898, Assault and Battery against Stephen Hermann, there will be a finding of guilty, $1,000.00 fine and costs, and six months at the Indiana State Farm. . . ."

Aaron Scruggs contends that the trial court committed reversible error by imposing consecutive sentences of ninety days for malicious trespass, six months for assault and battery of Terry Werling and ninety days for assault and battery of John Smeltzley.[7] We agree. In *Baromich* v. *State* (1969), 252 Ind. 412, 416, 249 N.E.2d 30, 33, the Supreme Court of Indiana stated that when there is a conviction of separate offenses rendered on the same date:

"The rule in this State then is that the court does not have authority to impose sentences which are to run consecutively unless there is a specific statute which authorizes such a thing. The Legislature has enacted several statutes which allow consecutive sentencing in specific situations. For example, Burns' § 10-1807 (where the defendant commits a crime while escaped from prison) ; § 10-1809 (where defendant commits a crime while escaped from jail) ; § 10-4709 (committing a crime while armed) ; § 9-2250 (committing a crime while on parole). In the absence of such a specific statutory provision consecutive sentencing is not permitted."

See also *Stuck* v. *State* (1972), 259 Ind. 291, 286 N.E.2d 652. Neither IC 1971, 35-1-66-1; Ind. Ann. Stat. § 10-4509 (Burns 1956) re malicious trespass nor IC 1971, 35-1-54-4;

7. The record does not indicate that Scruggs's sentence for assault and battery of Stephen Hermann is to be served consecutively. This sentence is presumed to run concurrently with Scruggs's other sentences. See *Ervin* v. *State* (1973), 158 Ind. App. 594, 303 N.E.2d 835 (Concurring Opinion).

Ind. Ann. Stat. § 10-403 (Burns 1974 Supp.) re assault and batery provides for consecutive sentences. Therefore, the trial court erroneously imposed consecutive sentences in this case, and this cause must be remanded to the trial court for correction of sentence.[8]

## IV.

### Abuse of Discretion

Aaron Scruggs's final contention of error is that the trial court abused its discretion in fixing the amount of his bond for appeal at $12,000.00. IC 1971, 35-4-6-4; Ind. Ann. Stat. § 9-2315 (Burns 1956) provides:

> "The court in which such petition to be admitted to bail is filed shall fix such bail, in such reasonable amount, considering the nature of the offense and the penalty adjudged, as will insure the compliance by the defendant with the terms of such bond, and shall make an order accordingly. . . ."

We cannot say as a matter of law that the trial court abused its discretion in determining that bail of $12,000.00 was necessary to insure Aaron Scruggs's compliance with the conditions of his bond. There is no constitutional right to bail pending appeal. *In re Pisello* (1973), 155 Ind. App. 484, 293 N.E.2d 228.[9]

---

8. The State's assertion that Aaron Scruggs failed to set out his third contention of error with sufficient specificity is without merit. Aaron Scruggs's motion to correct errors in pertinent part states:
   "5. That the Court erred as a matter of law in sentencing the defendant to serve in excess of one (1) year on these judgments which were consolidated for trial and in which the defendant was ordered to serve the following sentences at the Indiana State Farm, said terms to be served consecutively, to-wit:

   Cause No. CRM-73-2569, Count 1 (malicious trespass)—90 days Indiana State Farm

   CRM-73-2569, Count 2 (assault & battery)—6 months Indiana State Farm

   CRM-73-2569, Count 3 (assault & battery)—90 days Indiana State Farm

   CRM-73-2898, Count 1 (assault & battery)—6 months Indiana State Farm."

   This statement of claimed error complies with Indiana Rules of Pro cedure, Trial Rule 59(B).

9. For the correct procedure for obtaining relief from excessive bail see Indiana Rules of Procedure, Trial Rule 62(D)(1) and Criminal Rule 21.

We affirm the convictions. The trial court is instructed to modify the malicious trespass sentence so that it will be consistent with this opinion and IC 1971, 35-1-66-1, *supra*. The remaining sentences should be modified to run concurrently so that none of the sentences run consecutively. Indiana Rules of Procedure, Appellate Rule 15(M)(3).

Hoffman, C.J. and Garrard, J., concur.

NOTE.—Reported at 317 N.E.2d 800.