ARLENE VIVIAN SCRUGGS *v.* STATE OF INDIANA.

[No. 3-1273A175.  Filed October 16, 1974.]

*Robert S. Bechert,* Allen County Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell D. Mill-branth,* Deputy Attorney General, for appellee.

STATON, J.—On July 11, 1973, Arlene Scruggs was tried by the court and found guilty of assault and battery.[1] She raises these issues on appeal:

Issue One:    Sufficiency of the Evidence
Issue Two:    Invalid Waiver of Jury Trial
Issue Three:  Erroneous Sentence

Upon our review of these issues, we conclude that no errors exist, and we affirm.

## I.

### Sufficiency of the Evidence

In reviewing the sufficiency of the evidence, we cannot weigh the evidence nor determine the credibility of the witnesses. We will consider only that evidence most favorable to the State with all reasonable inferences which may be drawn therefrom. The conviction will be affirmed if, from that point of view, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Martin* v. *State* (1974), 262 Ind. 232, 314 N.E.2d 60; *Cody* v. *State* (1973), 159 Ind. App. 125, 304 N.E.2d 820.

On March 17, 1973, Arlene Scruggs and her husband, Aaron Scruggs, went to the Maier-Northcrest store in Fort Wayne, Indiana to purchase slacks for Mr. Scruggs. The testimony is conflicting on how the fight started. Terry Werling, the store manager testified that as he was picking himself up from a clothing rack where he had been thrown by Aaron Scruggs, Arlene Scruggs began beating him with her fists. At one point Arlene held both of his arms while Aaron Scruggs

---

1. Arlene's husband and joint defendant, Aaron Scruggs, was also found guilty of assault and battery and malicious trespass at this trial. See *Scruggs* v. *State* (1974), 161 Ind. App. 672, 317 N.E.2d 800.

struck him on the head with a Master Charge card machine. The laceration on his head required seventeen stitches. Terry Werling testified that at no time did he strike Arlene Scruggs.

Arlene Scruggs's contention is that her conviction is not supported by sufficient evidence since she clearly proved at trial that she did not initiate the altercation but was only coming to the defense of her husband.[2] We agree with her contention that ". . . one who believes in good faith and upon reasonable ground from the surrounding circumstances that a member of his family is about to be assaulted, may, if it seems reasonably necessary, use such force as will protect such member of his family from such assault. Brannin v. State, 221 Ind. 123, 46 N.E.2d 599 (1943)." Appellant's Brief at page 10. Although the trier of fact must look at the factual circumstances from a defendant's viewpoint as to whether that defendant has acted in self-defense, the trier of fact is not bound to accept the defendant's rendition. Williams v. State (1974), 262 Ind. 382, 316 N.E.2d 354; Lytle v. State (1968), 251 Ind. 413, 241 N.E.2d 366; McCauley v. State (1974), 159 Ind. App. 517, 307 N.E.2d 885. Whether the evidence is sufficient to rebut a claim of self-defense is a question of ultimate fact to be decided by the trier of fact. Miller v. State (1974), 159 Ind. App. 503, 307 N.E.2d 889; Marine v. State (1973), 158 Ind. App. 72, 301 N.E.2d 778; Bonds v. State (1973), 158 Ind. App. 579, 303 N.E.2d 686.

All the witnesses agreed that Arlene Scruggs did not enter the fracas until after Terry Werling and Aaron Scruggs were fighting. Terry Werling testified as follows:

"No, she came and started clawing and actually just pushing bodily, helping Aaron so to speak. And, about this time, it had gotten to the point where my assistant manager was

2. Arlene Scruggs also asserts error in the trial court's overruling of her motion for a directed verdict at the close of the State's evidence and at the close of all the evidence. Since we find substantial evidence of probative value to support Arlene Scruggs's conviction of assault and battery, there was no error in the overruling of her motions for directed verdict.

involved, beating Aaron off of me. And, after he had beat Aaron off of me, they were proceeding to leave the store, to the best of my knowledge. But then, for some reason, and I don't understand why this happened, but Vivian took ahold of me and held both of my arms to the back and Aaron says, 'Let her go.' I says, 'Aaron'—well, I didn't know Aaron, I didn't know their names—but I says, 'Sir, I'm not holding anyone.' And, about this time, I got smacked right in the forehead with the Master Charge machine, which took seventeen stitches to enclose my head, of which—."

Assuming *arguendo* that Arlene Scruggs reasonably believed that her husband Aaron Scruggs was in danger of being attacked by Terry Werling, who was picking himself up from the clothing rack, the above evidence—that Arlene held Terry Werling's arms behind his back at a time when neither she nor her husband were being threatened—is sufficient evidence of probative value to sustain Arlene Scruggs's conviction of assault and battery. Any touching, however slight, may constitute an assault and battery. *Shaw* v. *State* (1959), 239 Ind. 248, 156 N.E.2d 381. Therefore, the evidence was sufficient to sustain the conviction.

## II.

### Waiver of Jury Trial

Arlene Scruggs contends that on March 30, 1973, her attorney appeared in court and waived her right to jury trial. It is her contention that IC 1971, 35-1-34-1; Ind. Ann. Stat. § 9-1803 (Burns 1956) requires her personal oral or written consent to effect a waiver.[3] Assuming *arguendo* the validity of this argument, the record before this Court states:

---

3. We note that this Court in *Kindle* v. *State* (1974), 161 Ind. App. 14, 313 N.E.2d 721 has recently upheld a waiver of jury trial by defendant's counsel when defendant was also present at the time of waiver. The *Kindle* opinion also stated that "failure of the trial court to personally interrogate the defendant as to such waiver does not in and of itself vitiate the waiver." However, as this Court stated in *Kindle* v. *State, supra,* 313 N.E.2d at 725-26:

"The preferred procedure for accepting waiver of right to trial by jury, as recommended by The American Bar Association Project on Standards for Criminal Justice (Trial by Jury, Part I, Section 1.2(b)) is that:

"Comes now the parties and defendant enters a plea of not guilty to the charge, and waives arraignment and Jury trial. . . ."

It is well settled in Indiana that the appellant has the burden of providing this Court with a proper record showing error and that this Court cannot consider matters not contained in the record. *Dunbar* v. *State* (1974), 160 Ind. App. 191, 311 N.E.2d 447; *Glenn* v. *State* (1972), 154 Ind. App. 474, 290 N.E.2d 103. Error alleged but not disclosed by the record is not a proper subject for review. *Cooper* v. *State* (1972), 259 Ind. 107, 284 N.E.2d 799. The record specifically shows that Arlene Scruggs waived her right to trial by jury. There is no indication in the record that Arlene Scruggs attempted to withdraw her waiver of jury trial or that she ever objected to her trial before the court prior to raising this issue on appeal. Therefore, Arlene Scruggs's second contention of error is without merit. See *Larkin* v. *State* (1959), 240 Ind. 161, 162 N.E.2d 515 and *Bramlett* v. *State* (1949), 227 Ind. 662, 87 N.E.2d 880.

## III.
### Erroneous Sentence

Arlene Scruggs's final contention of error concerns a claimed modification of her sentence without her having been present. At her trial on July 11, 1973, Arlene Scruggs was sentenced as follows:

". . . The charge against Arlene Scruggs, 2570, there will be a finding of guilty, $500.00 and costs, and ninety (90) days at the Allen County Jail."

Although IC 1971, 35-1-54-4; Ind. Ann. Stat. § 10-403 (Burns Supp. 1974) provides in pertinent part as follows:

"Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars

---

'(b) The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by jury, personally waived his right to trial by jury, either in writing or in open court for the record.' "

[$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months. . . ."

IC 1971, 11-4-7-3 (Burns Code Ed.) makes it mandatory that female delinquents above the age of commitment to the Indiana Girls' School whose sentences call for incarceration in the county jail for a period exceeding thirty days be committed to the Indiana Women's Prison. *Larkin* v. *State, supra; Garner* v. *State* (1949), 227 Ind. 503, 86 N.E.2d 675.[4] The record before this Court again defeats Arlene Scruggs's contention of error. The record discloses that pursuant to IC 1971, 11-4-7-3, *supra,* the trial court by its own entry correctly sentenced Arlene Scruggs as follows:

"Comes now the defendant in person and by counsel and this cause now coming on for trial same is submitted to the Court, and the Court having heard the evidence now finds the defendant guilty as charged and is now by the Court fined $500.00 and costs, and 90 days in the Indiana Women's Prison. . . ."

Arlene Scruggs's third contention of error is without merit. *Dunbar* v. *State, Glenn* v. *State* and *Cooper* v. *State, supra.*

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Garrard, J., concur.

NOTE.—Reported at 317 N.E.2d 807.

---

4. IC 1971, 11-4-7-3 (Burns Code Ed.) provides:
"All female delinquents who are above the age of commitment to the Indiana Girls' School, and who are not required by law to be sent to the Indiana Women's Prison, shall, upon conviction of the violation of any law or ordinance, the punishment of which consists of confinement in any county jail or workhouse, be sentenced to such correctional department of said Indiana Women's Prison. . . . Provided, however, That when the imprisonment adjudged is less than thirty [30] days . . . it shall be left to the discretion of the court as to whether said defendant shall be committed to said correctional department of the Indiana Women's Prison or to the jail or workhouse of the county in which said case is tried."