JACK DOBY *v.* STATE OF INDIANA.

[No. 3-375A45. Filed October 29, 1975.]

*Nick Senak,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM—Jack Doby, defendant, appeals from his conviction of assault and battery with intent to kill[1] for which he was sentenced to the Indiana Department of Correction for an indeterminate term of two to fourteen years. Defendant contends the evidence was insufficient to show the necessary element of intent to kill.

We affirm.

The evidence most favorable to the State reveals that on May 26, 1973, David Jones and defendant were engaged in a dice game behind a pool hall in Hammond, Indiana when an argument erupted between them over a five-dollar wager. After the game defendant left the premises only to return thirty minutes later armed with a shotgun. Defendant pointed the gun at David Jones and demanded the return of his five dollars. After Jones returned the money, defendant shot him.

Defendant was tried before the court without a jury and found guilty of assault and battery with intent to kill. Defendant admits assaulting Jones but denies any intent to kill him. In support of his claim defendant argues only one shot was fired from a range of ten feet to the buttocks rather than a more vital area of the body. Furthermore, defendant had the opportunity to fire a second shot, but instead left the scene.

Intent may be inferred from the deliberate use of a deadly weapon in a manner reasonably calculated to cause death. *Miller* v. *State* (1974), 159 Ind. App. 503, 307 N.E. 2d 889; *Vaughn* v. *State* (1972), 259 Ind. 157, 284 N.E.2d 765; *Liston* v. *State* (1969), 252 Ind. 502, 250 N.E.2d 739; *Petillo* v. *State* (1950), 228 Ind. 97, 89 N.E.2d 623. Defendant testified he shot Jones in the buttocks without taking aim because that was all he could hit as Jones rolled under a table. Aimlessly discharging a shotgun shell into Jones from such a close range was reasonably calculated

1. IC 1971, 35-13-2-1, Ind. Ann. Stat. § 10-401a (Burns Supp. 1974).

to cause death. *Stock* v. *State* (1969), 252 Ind. 67, 245 N.E. 2d 335; See: *Kriete* v. *State* (1975), 263 Ind. 381, 332 N.E. 2d 209. The fortuitous location of the wound resulted as much from poor markmanship as a design to inflict a limited injury short of death. Whether or not defendant fired a second fatal shot is an equally ambiguous circumstance since his original intent to kill may have subsided after discharging the first round. If circumstantial evidence produces alternative inferences of guilt and innocence, we cannot reweigh the evidence on appeal and decide which should have prevailed upon the trier of fact. See: *Farno* v. *State* (1974), 159 Ind. App. 627, 308 N.E.2d 724. Substantial evidence of probative value existed from which the court could infer beyond a reasonable doubt that the defendant intended to kill his victim.

Judgment affirmed.

NOTE.—Reported at 336 N.E.2d 395.