Samuel O. MULLEN, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1–1280A342.

Court of Appeals of Indiana, First District.

June 16, 1981.

Vernon E. St. John, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellant Samuel O. Mullen appeals a conviction of battery, Ind. Code 35–42–2–1 (Supp. 1980), following a bench trial in the Montgomery County Court. Mullen raises two issues on appeal: (1) whether the decision of the trial court is supported by sufficient evidence, and (2) whether the decision of the trial court is contrary to law. Mullen concedes the battery, but argues he acted in self-defense.

## FACTS

The evidence most favorable to the decision is as follows: On May 3, 1980, at approximately 11:15 p.m., Mullen called the Red Cab Taxi Service, operated by Thomas Newlin and his wife, Joy, and requested a cab at the Green Street Tavern in Crawfordsville. Newlin and Joy answered the call. When they arrived at the tavern Mullen came out, acknowledged making the call for another person, but said the person had departed. Mullen offered the Newlins $2.00 for their trouble. They informed Mullen the charge was $3.00, whereupon he renewed the $2.00 offer and, his speech accompanied by the use of profanity, told them to leave. At this time, Newlin, a much smaller man than Mullen, got out of the cab and walked around the cab to Mullen, unarmed. Newlin told Mullen that they were running a business, but that they could not run a business if people did not pay the full fare or cancel out. Gesturing at the tavern as he talked, Newlin further informed Mullen that if Mullen did not want the cab, Newlin wanted to talk to the "sonofabitch" inside who did. Mullen then punched Newlin three times, breaking the lower bone of one eye socket, breaking and dislocating his nose, and causing cuts which required stitches. After receiving the first blow, Newlin fought, but ineffectively, landing one blow. Newlin, Joy, Roscoe Young, and Robert Biddle testified that Mullen threw the first punch and that Newlin made no aggressive moves prior to being struck. Mullen testified that Newlin was the aggressor and that Newlin threw the first punch.

## DISCUSSION AND DECISION

Battery is defined by Ind. Code 35–42–2–1 (Supp. 1980) as follows:

"A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor."

Self defense is a statutory defense under Ind. Code 35–41–3–2 (Supp. 1980). That section provides in relevant part as follows:

"(a) A person is justified in using reasonable force against another person to protect himself . . . from what he reasonably believes to be the *imminent use* of unlawful force. However, a person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily harm to himself. . . .

\* \* \* \* \* \*

(d) Notwithstanding subsections (a), (b) and (c) of this section, a person is not justified in using force if:

(1) he is committing, or is escaping after the commission of, a crime;

(2) he provokes unlawful action by another person, with intent to cause bodily injury to the other person; or

(3) he has entered into combat with another person *or is the initial aggressor* . . . ." (Emphasis added.)

■ In *Hanic v. State*, (1980) Ind.App., 406 N.E.2d 335, 339, Judge Staton stated: "An examination of self-defense cases in Indiana reveals the following:

(1) In assault and battery cases where self-defense is claimed, even though of a negative character, the burden is on the State to disprove self-defense. *Harris v. State* (1978), Ind., 382 N.E.2d 913; *Banks v. State* (1971), 257 Ind. 530, 276 N.E.2d 155.

(2) This burden, however, can be met not only by rebuttal but by an affirmative showing. The State need not specifically introduce evidence to refute the elements of self-defense, but may accomplish its burden by the evidence in its entirety in the State's case in chief. *Harris, supra; Hester v. State* (1978), Ind., 373 N.E.2d 141; *Banks, supra.*

(3) The trier of fact must look to the situation from the defendant's viewpoint, but it need not believe the defendant's evidence. *Harris, supra; Starkey v. State* (1977), 266 Ind. 184, 361 N.E.2d 902; *Williams v. State* (1974), 262 Ind. 382, 316 N.E.2d 354."

Further, whether the State's evidence is sufficient to rebut the claim of self-defense is a question of fact to be determined by the trier. *Scruggs v. State*, (1974) 161 Ind. App. 666, 317 N.E.2d 807.

Mullen notes the State offered no evidence in rebuttal and asserts the State's case in chief was insufficient to disprove his claim of self-defense. He asserts he had a right to act upon the appearance of actual or imminent danger if he reasonably believed force was necessary. Emphasizing the rule that the event must be viewed from the defendant's perspective, he seems to argue that his version of the facts must be believed. He refers solely to his testimony that he thought Newlin called him a "sonofabitch" and attacked him.

■ As noted above, the trier of fact must view the event from the defendant's perspective, but it need not believe his evidence. Stated differently, the trier of fact must view the evidence it believes to be true from the defendant's perspective. Thus, Mullen's argument is simply an invitation to reweigh the evidence.

■ When reviewing the sufficiency of the evidence, we will neither weigh the evidence nor judge the credibility of witnesses, but will look to the evidence most favorable to the State and the reasonable inferences to be drawn therefrom. The decision will not be disturbed if there is substantial evidence of probative value from which the trier of fact could have reasonably inferred the defendant was guilty beyond a reasonable doubt. *Hanic, supra.* As shown in Ind. Code 35–41–3–2(d)(3), self-defense is not available to a defendant who was the initial aggressor. In *Scruggs, supra*, a conviction of assault and battery was affirmed even though the testimony as to which party was the aggressor was conflicting. Upon review of the record of the case at bar, we find sufficient evidence in the record to indicate Mullen was the initial aggressor.

For the reasons stated above, the decision of the trial court is affirmed.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.